## Stoddert *vs.* The Vestry of Port Tobacco Parish. *June,* 1830.

In an action by a Vestry of a Church, (a corporation) to recover the price of a pew, it appeared by the evidence of one of the members of the Vestry, that he had acted as auctioneer in the sale of the pews, and had put down in pencil, at the time of the sale, on paper, the name of the purchaser, the defendant, and the price at which a pew was bid off. This memorandum was delivered to the Register of the Vestry, who transcribed it in the record book of their proceedings, returned it to the witness, who had made diligent but unsuccessful search for it, and believed it was lost: Held, that parol evidence of the price of the pew, and that it was sold on a credit of twelve months, bearing interest from the time of sale, as it would have established a different contract from that contained in the memorandum, was not competent to go to the jury, and that the corporation were authorised to employ one of its members as an agent, and of course there was no want of legal competency in such member to be an agent for the purchaser in making the memorandum required by the statute of frauds, and that it was unnecessary for the plaintiff, to shew their title to the pew.

APPEAL from *Charles* county Court.

*Assumpsit* by the Vestry of *Port Tobacco* Parish, the appellee, against *John T. Stoddert,* the appellant, instituted on the 7th of March, 1825. The declaration alleged, "that whereas heretofore to wit, on the 29th June, 1818, at, &c. the said *John T. Stoddert,* was indebted to the said Vestry in the sum of $300, current money, for a certain pew, No. 14, in *Christ* Church, in *Port Tobacco* Parish aforesaid, situate in *Charles* county aforesaid, before that time bargained and sold by the said Vestry, to the said *John T.,* together with the rights and privileges to the said pew appertaining, and at the special instance and request of him, the said *John T.,* to wit, &c., at, &c., and being so indebted to the said *John T.,* in consideration thereof, afterwards to wit, on, &c., at, &c., undertook to, and then and there faithfully promised, &c." The defendant pleaded *non assumpsit,* on which issue was taken.

1. At the trial the plaintiff proved by a witness, who, it was admitted by the plaintiff, was, at the time of the sale, a

member of the Vestry of *Port Tobacco* Parish; that he acted as auctioneer in the year 1818 or 1819, when the defendant was the highest bidder for a pew in *Christ* church in *Port Tobacco* Parish, and it was struck off to him at the price of $300, on a credit of twelve months, with interest from the time of sale. That he, the witness, put down in pencil at the time, on paper, the name of the purchaser, and the price at which it was bid off. That the witness delivered the memorandum thus made out, to the Register of the said Vestry, who transcribed it in the record book of their proceedings. He also proved that the said memorandum was then delivered to witness, who had made a diligent but unsuccessful search for it, and believed it was lost. The record of the Vestry was then read in evidence to the jury, for the purpose of proving said sale. The defendant then prayed the Court to exclude, as incompetent, the parol evidence of the said witness, as to the said sale and purchase of the said pew at the auction aforesaid; but the Court permitted it to go to the jury. The defendant further prayed the Court to instruct the jury, that the auctioneer at the sale, being one of the Vestry, who were the vendors, could not make such a memorandum as would gratify the requisitions of the statute of frauds, in relation to the sale of real estate. The Court refused the prayer. The plaintiff then proved that the defendant had been heard to offer the said pew in exchange for a pew in a different church, but gave no other evidence of possession or ownership by the defendant, who thereupon prayed the Court to instruct the jury, that the plaintiff was not entitled to recover, having offered no evidence of right or title to said pew, but the Court refused to give the instruction as prayed, and the verdict and judgment being for the plaintiff, the defendant prosecuted the present appeal.

The cause was argued before BUCHANAN, Ch. J., MARTIN and ARCHER, J.

*Stonestreet,* for the appellant, contended,

1. That the County Court erred in permitting parol evidence to go the jury, to prove a contract for the sale of an interest in real estate. *Randall's Peake,* 234 *(note.)* 2 *Wheat. Selw.* 641. 2. That the memorandum in writing, made by the auctioneer at the time of sale, was not sufficient to prove the contract. 2 *Saund. Plea. and Ev.* 52. 2 *Campb.* 205. 2 *Wheat. Selw.* 741. 3. That the auctioneer being one of the vendors of the estate, cannot be presumed to be the agent of both parties, so as to make his memorandum of the sale evidence of the contract.

*Chapman,* for the appellee, on the *first* point cited *Sugden on Vend.* 66, 67. 2 *Phillips' Ev.* 398, 399. On the *third* he referred to 1 *Phillips' Ev.* 58. And to show that the acts of the appellant amounted to such a performance as bound him, he referred to *Sugden on Vend.* 84.

ARCHER, J., delivered the opinion of the Court.

The parol evidence offered of a sale of a pew was inadmissible, because it would have established a contract different from that contained in the lost memorandum. No parol evidence is admissible to add to, or vary the memorandum. In the second prayer submitted to the consideration of the Court below, no point is raised on the sufficiency of the memorandum of sale, except that it is objected that the witness, being one of the corporation, could not act as agent. As it regards the memorandum, the contents of which have been offered in evidence, we shall not express an opinion, but confine ourselves to the particular point raised. We think there can be no question of the right of a corporation to employ one of its members as an agent, and of course, no want of legal competency existed in such member to be an agent. He cannot be considered in the impossible, and therefore absurd position, as has been urged, as agent for himself; but must be viewed as acting in his individual capacity for a corporation. And if the corporation

**230** **CASES IN THE COURT OF APPEALS**

could constitute him their agent, there is nothing in his peculiar relation to it, which would disable him from being (within the meaning of the statute) an agent for the purchaser also, for his interest being a corporate interest, could not disqualify him from acting in this latter capacity. Nor do we deem it necessary that the plaintiffs should have offered evidence of their right and title to the pew to enable them to recover.

**JUDGMENT REVERSED AND PROCEDENDO AWARDED.**