Hall *vs.* Maccubin.—1834.

JOHN HALL *vs.* JOHN H. MACCUBIN.—*June,* 1834.

M filed his bill against the administrator, widow, and heir at law, of J, for the sale of real estate, sold by M to J, upon which a balance of the purchase money was due. The bill charged that the number of acres in the tract was not ascertained at the time of the sale, but it was agreed to estimate the quantity at 300 acres ; that a survey should be made ; and any excess should be paid for at the price per acre agreed for the 300 acres. The vendor executed a bond of conveyance, and the vendee gave his bond for the purchase money. After a receipt of a part of the purchase money the vendor assigned his bond to B for value. A survey was then made, and the excess above the 300 acres ascertained. HELD, that as B, the assignee of M, might have a lien for the unpaid balance of his bond, he was a necessary party to the bill.

2d. That as to the excess above 300 acres, the complainant had a lien for the purchase money, and could recover it by a sale of the land, unless the administrator has assets to pay him.

3d. That parol evidence is admissible to establish an independent contract in relation to the excess above 300 acres, if the bonds are silent upon that subject.

4th. That the bill should be so amended as to charge assets in the hands of the administrator, the prayer being, either for a decree against him, or in case of his failure to pay, that the land might be sold.

APPEAL from the court of Chancery.

The present bill was filed by the appellee, on the 26th June, 1829, against the appellant, as the administrator of one

*John Matthews,* and others his widow and heirs at law, for the purpose of selling certain real estate, which had been sold by the appellee, to the said *Matthews* in his life-time, to pay the balance of the purchase money alleged to be due.

The bill charges, that at the time of the purchase, the number of acres contained in the tract sold, was not ascertained; but it was agreed to estimate the quantity at three hundred acres, with the understanding that a survey should subsequently be made, and if the tract should thus turn out to contain more land, the excess should be paid for at the same rate per acre, as the three hundred acres, the supposed number. That with this understanding a bond of conveyance was executed by the vendor on the 17th of May, 1826, and a bond for the payment of the purchase money by the vendee on the day following. That after the receipt of a portion of the purchase money, the appellee assigned the same to one *Nicholas Brice* for a valuable consideration. That a survey of the land was afterwards made by which it was ascertained to contain a surplus over the estimated quantity of 230 acres; and therefore the complainant called upon the purchaser to secure the payment of the same, in the same manner as had been done with reference to the 300 acres, but this he has refused to do, and the whole amount thereof is now due.

The bill then alleges that the appellant, as the administrator of the purchaser, has taken possession of his effects, and prays that a decree may pass for the payment of the balance of the purchase money; and in case of failure, that the land may be sold for that purpose, upon which it is charged to be a lien, and for general relief.

The answer of the appellant, the administrator of *John Matthews,* put the complainant to the pooof of his case, and neither admitted or denied assets.

The answer of the other defendants do not in any way affect the points decided in this case, nor is it deemed necessary by the reporters to introduce any part of the proof taken under the commission.

*Bland,* Chancellor, at March term, 1833, dismissed the bill with costs, as to the widow, and heirs at law of the purchaser, being of opinion that the vendor had no equitable lien on the land; but decreed that the purchase money, ascertained by the auditor then to be due to the vendor, should be paid by the appellant, as the administrator of the vendee. From this decree the administrator appealed to the court of Appeals.

The cause was argued before BUCHANAN, Ch. J., and MARTIN, STEPHEN, ARCHER and DORSEY, J.

*Magruder,* for the appellant, contended.

1st. The proof in the cause did not authorise the Chancellor to pass any decree in favor of the complainant, because, according to the evidence, nothing can be claimed beyond the amount of the bond for the purchase money, parol evidence being inadmissible to contradict the written testimony of the bond of conveyance, and bond for the purchase money.

2d. If, however, the claim was clearly established, the Chancellor erred in decreeing that it should be paid by the administrator; assets sufficient not being admitted or proved, nor even alleged in the bill, which does not seek to recover the money of the administrator.

ARCHER, J., delivered the opinion of the court.

This cause must be remanded to the court of Chancery for the want of parties. *Nicholas Brice,* the assignee of the bond given by *Matthews* for the purchase money, may have a lien for the unpaid balance of his bond; and in the event of the personal property proving insufficient to pay the complainant's claim, the land would have to be sold for the purpose of paying the purchase money. In this point of view the interest of *Brice* might be affected by the decree.

We conceive that the evidence adduced by the complainant, is abundant to show that all the land over three hun-

dred acres, was to be paid for at the same rate at which the three hundred acres was purchased. For such excess, the complainants would have clearly a lien for the purchase money, and could recover it by a sale of the land, unless the administrator has assets, wherewith to discharge and pay the purchase money.

The existence of this lien however cannot be definitively determined, until the bond held by *Brice* shall be exhibited in Chancery. Unless there be something in the structure of the bond which negatives the lien, it would have to be enforced upon an insufficiency of assets.

On the supposition that the bond is a mere obligation for the payment of money, without reciting the contract of sale, there could be no possible legal objection to the admissibility of the evidence, in relation to the excess of the land above three hundred acres. It is in this light we have supposed it to exist. In that view, the introduction of the parol evidence would not affect in any manner the contract, as evidenced by the bond of conveyance, and bond for the purchase money, but being evidence of a substantive and independent contract, its admissibility could not be met by any legal objection.

The bill should be amended so as to charge assets in the hands of the administrator, and *Nicholas Brice* should be made a party; and the bond assigned to *Brice* should be brought into the court of Chancery, or its contents proven, if lost, to do effectual justice to the parties.

**REMANDED TO THE COURT OF CHANCERY.**