DENNIS DORSEY vs. WILLIAM EAGLE.—*December*, 1835.

A party who claims under a lease, stipulating that he shall have and hold the premises (a part of C. manor) according to the manor regulations, may prove by parol, that by such regulations, the tenants have a right to remove their away-going crops, at any time within a reasonable period after the determination of their leases.

Parol evidence may be given of collateral and independent facts, which tend to support a deed, provided it is not offered to vary the agreement, and is consistent with the deed.

Under such a lease, it is the province of the jury to determine what the manor regulations are; and therefore, whether they gave rights which amounted to a privilege, as mere right of ingress and egress, was also a question for the jury.

An action of trespass *quare clausum fregit* may be sustained upon a temporary interest in the plaintiff, but it must also be an entire or exclusive interest.

The right of ingress and egress in an outgoing tenant, after the determination of his lease, for the purpose of gathering and taking away the growing crops, will not enable a party to maintain trespass *q. c. f.* against the succeeding tenant, who has a right to seed down the field, on which such crop stands, before it comes to maturity.

APPEAL from *Frederick* county court.

This was an action of *Trespass, quare clausum fregit*, brought by the appellant against the appellee, on the 31st of October, 1832.

Issue was joined upon the plea of not guilty.

1. At the trial of this cause it was admitted, that a lease was made by *Charles Carroll, of Carrollton*, to the plaintiff in this case, of a farm, being parcel of *Carrollton Manor*, in *Frederick* county aforesaid, for the term of two years, commencing on the 29th of September, 1829; and that the said lease, comprehended many special covenants, and amongst others, that the rent should be paid annually on the 29th day of September; and that the said lease also contained this expression—"in other respects the said *Dorsey*, is to have, and to hold the premises, according to *Manor Regulations*." The plaintiff then proved by *John H. Simmons*, a competent witness, that he has been acquainted for a long time past,

with the said manor, and that he has no knowledge, of any "manor regulations," as created by deed, or otherwise by writing. The plaintiff then offered to prove by parol, by said witness, that by the "manor regulations," the tenants have a right to remove their way-going crops at any time within a reasonable period, after the determination of their leases. To the admission of which evidence the defendant by his counsel objected, on two grounds. 1st. That the plaintiff is not competent to shew by parol in this case, any manor regulations, as created, and existing otherwise, than by deed, or other writing. 2d. That the plaintiff is not competent to show by parol, any manor regulations in explanation of said expression in the said lease, "in other respects the said *Dorsey* is to have and to hold the premises, according to 'manor regulations.'" But the court overruled the said objections, on both grounds, and were of opinion, and so decided; that under and by virtue of the said lease, the plaintiff may prove by parol, any manor regulations in regard to the way-going crop, and that such regulations, though only existing by parol, are good, and admissible in evidence in this case. *The defendant excepted.*

2. It was admitted, that a lease was made by the late *Charles Carroll of Carrollton*, to the plaintiff, of a farm, being parcel of *Carrollton Manor* in *Frederick* county aforesaid, for the term of two years, commencing on the 29th September, 1829, the rent of the said farm to become due and payable on the 29th of September in each year, and the said *Dorsey* was to have and to hold the said farm, in all other respects according to the custom, and regulations of the manor. The plaintiff then proved by *John H. Simmons,* a competent witness, that he has been acquainted with the said manor for a long time past, and was the agent of the said *Charles Carroll of Carrollton*, in relation to the said manor farms, and that before said *Dorsey* leased said farm, he the said *Simmons*, the witness, explained to, and informed the said *Dorsey*, what the custom and regulations of the

manor were, in relation to the outgoing, and incoming tenants. The plaintiff further proved by the said *Simmons*, that one of the customs and regulations of the manor was, for the outgoing tenants, whose leases expired on the 29th of September, in each year, to be permitted, and have full liberty to take, and carry away, the away-going crops, at any time, within a reasonable time, after the expiration of said leases. The plaintiff further proved by competent witnesses, that he had on the 29th of September, 1831, the time his lease expired, a large field of Indian corn, growing and standing on the said farm. The defendant then proved, that he had leased the said farm, from the said *Charles Carroll of Carrollton*, and that his time was to commence on the 29th day of September, 1831, that being the day on which the lease of the said *Dorsey* expired ; and that in pursuance of the said lease, the said defendant, as such tenant, took possession of said farm on the 29th day of September, 1831, and continued in possession of the same, up to the time of the commencing of this suit.

The defendant further proved by a competent witness, that according to the custom and regulations of the said manor, the in-coming tenants have the right and privilege of seeding down the corn-fields of the out-going tenants in wheat and rye, before the crops of Indian corn are fit for gathering. And it was further proved by the defendant, by a competent witness, that he, the defendant, did, in pursuance of said custom and regulations of the manor aforesaid, as such tenant, seed down with rye and wheat, the said corn-field, it being part of the farm leased by the said *Dennis Dorsey*, the plaintiff, of *Charles Carroll of Carrollton ;* and that the said wheat, and rye, were there growing at the time of the alleged trespass. The defendant further proved by a competent witness, that according to the custom and regulations of said manor, the in-coming tenants have a right to the corn-stalks, fodder, and husks, after the corn is gathered from the fields, and to feed his cattle and other stock thereon ; and that the out-going tenant has no right to take, and

carry away, from the farm, any corn-stalks, fodder or husks. The defendant further proved, by a competent witness, that at the times of the supposed trespasses, the plaintiff had previously gathered his corn, in part of the *locus in quo*, and that he turned his cattle on that part of said field, and suffered them to go at large in said field, and that in so going at large, the said cattle went into that part of the field where the said corn was gathered in heaps, and standing on the stalks, and there eat up, and injured a part of the same, and that the corn had matured, and ceased to derive any further nutriment from the ground as early as the middle of *October.* The plaintiff then further proved by a competent witness, that the *locus in quo,* or close in question in this case, is a part and parcel of the said farm, leased by the plaintiff of the said *Charles Carroll of Carrollton,* and that the defendant, after he had completely finished sowing down said corn-field, or the *locus in quo* in question, to wit, about the 25th of December, 1831, and on divers days and times thereafter, between that day, and the first of February, 1832, by himself and his servants turned his cattle into the said corn-field, and suffered them to continue therein, without any one to attend to them, to prevent them from destroying the Indian corn of the plaintiff then remaining, not gathered in said *locus in quo,* and that the said cattle, with horses and hogs, that belonged to the defendant, and which a witness had seen a servant of the defendant driving out of said corn-field, did destroy a large quantity of said corn of said plaintiff, whilst the same was standing and remaining on the *locus in quo ;* and the plaintiff proved, that the winter and cold weather commenced very early the year the said crop of corn was to be gathered and taken from the *locus in quo,* and that many persons did not gather and secure their Indian corn crops until sometime in February following, by reason of the bad weather.

Whereupon the defendant by his counsel, prayed the court's instruction to the jury, that if they shall believe from the evidence in the cause, that the plaintiff's lease expired

on the 29th of September, 1831, and that the defendant's lease commenced on said day; and that he the defendant, immediately entered upon the possession of the premises, and so continued in possession thereof, thenceforth, until the commencement of this suit; and that the plaintiff's right to remove his way-going crops by the manor regulations, is a privilege, and easement, a mere right of ingress, egress, and regress, and nothing more, and that the defendant at the time of the supposed trespasses in this case, had a growing crop of wheat and rye in the *locus in quo*, which he had previously seeded as tenant as aforesaid; and that the supposed trespasses, were committed as late as the 25th day of December, 1831, and not before; and that the corn then standing on the stalk in said close, had arrived at maturity, and had ceased to derive any nourishment from the soil, that the plaintiff is not entitled to recover in this action. And the court, (*Shriver, and Th. Buchanan, A. J.*) instructed the jury, that if they shall believe from the evidence in the cause, that the defendant was in possession of the said farm, at the time of the supposed trespasses, and that the plaintiff's right to gather, and remove his corn, was a privilege and easement, a mere right of ingress, egress, and regress, that then the plaintiff is not entitled to recover in this case.

*The plaintiff excepted;* and the verdict and judgment being against him, he appealed to the Court of appeals.

The cause was argued before STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, Judges.

PALMER for the appellants.

1. Was the parol evidence of the manor regulations offered in the first exception admissible as evidence to the jury. He insisted that it was both upon reason and authority. They do not alter or contradict the written lease, but only make clear what is not plainly specified in the writing. By its very terms, both parties are bound by the customs of the manor. The principle upon which such evidence is admis-

sible, seems to be a reasonable presumption, that the parties did not express the whole of their intention, but meant to be guided by the custom as to such particulars, as are generally known to be annexed by custom and usage in similar dealings. 3 *Stark. Ev.* 1038. 2 *Ib.* 452. *Wigglesworth vs. Dallison, et al. Douglass Rep.* 201. *Stultz vs. Dickey,* 5 *Binney,* 289. *Harris vs. Nicholas,* 5 *Munf.* 483. *Senior vs. Sir George Armitage, Bart.* 1 *Holt's cases,* 197. When the defendant entered into his contract of leasing said farm, he had full knowledge of the customs and regulations of the manor, and therefore occupies the same situation in relation to them, as the landlord himself.

2. The next question is, had the plaintiff such an interest in the soil or close, as would enable him to maintain trespass. The injury and trespass complained of, was to his corn-crop, while it was attached to the soil, and when he the plaintiff, was in possession, gathering and carrying it away. His right to the way-going crop, was an exclusive right attached to the soil, and giving him consequently an interest in the soil sufficient to maintain the action.

It is not denied that the plaintiff must have an interest in the close, that term being technical, signifying an interest in the soil only, but any interest, however temporary, is sufficient, though it be merely in the profits of the soil, as *vesturæ terræ, herbagium pastura, prima tonsura.* 1 *Chitty Pl.* 200 *Co. Lit.* 4 *(B.) Bull N. P.* 85. *Harker et al. vs. Birbeck,* 3 *Burr* 1556. *Wilson vs. Mackreth, Ib.* 1825. *Harker vs. Birbeck,* 1 *Black Rep.* 482. *Crosby vs. Wadsworth,* 6 *East* 602. *Clap vs. Draper,* 4 *Mass. Rep.* 266. *Stewart vs. Doughty,* 9 *John. Rep.* 108. *Stultz vs. Dickey,* 5 *Binney Rep.* 285. *Foote vs. Colvin,* 3 *John. Rep.* 215.

It is a rule without exception, that for all injuries done to the freehold, or to any thing attached to it, such as grass, wheat, rye, corn, trees, &c., if done with force, and immediate, trespass is the only form of action that can be sustained, unless an exception exists in the case of a reversioner, who has neither the possession, or right of possession during

the continuance of the lease. 1 *Chitty Pl.* 72, 202. *Jesser vs. Gifford,* 4 *Burr. Rep.* 2141. *Com. Dig. action case (B.) Attersoll vs. Stevens,* 1 *Taunton Rep.* 183, 190.

The defendants having a new sown crop of wheat and rye in the close, does not vary the case, but brings it within the authority of the case of *Wilson vs. Mackreth,* 3 *Burr.* 1825. An injury done to the plaintiff's corn, did not and could not affect the interest of the defendant, and for an injury done to it by a third person, a joint action could not be sustained by them. 1 *Chitty Pl.* 201. The true rule to be extracted from the cases is, that when the plaintiff has an exclusive interest in the thing injured, such as a crop of corn, &c., attached to the freehold, it gives him such an interest in the soil, as will support trespass *quare clausum fregit. Cro. Eliz.* 241. *Wilson vs. Mackreth,* 3 *Burr.* 1827. *The King vs. the inhabitants of Mellor,* 2 *East* 190. *Blackett vs. Lowes,* 2 *Maul. & Sel.* 499. The fact that the defendant was entitled to the corn-stalks, after divested of the corn itself, can make no difference; that does not create a joint interest, or interest in common in the corn, the subject of the trespass.

3. The court erred in submitting a question of law to the jury. What facts will amount to a mere easement, or right of ingress, egress, and regress, is a question of law for the determination of the court, not the jury. *Harker et al. vs. Birbeck,* 3 *Burr.* 1556. *Wilson vs. Mackreth, Ib.* 1825. *Crosby vs. Wadsworth,* 6 *East,* 602

Wm. Schley for the appellee.

1. If the plaintiff had offered to prove by parol, the existence of "a custom of the manor," that the out-going tenants have the right to remove their way-going crops, no valid objection could have been made, and if found to exist, the custom would have availed upon the issue, *not as a part of the terms of the lease,* but in the language of Lord Mansfield in *Wigglesworth vs. Dallison,* 1 *Dougl.* 207, it "would have superadded a right which is consequential to the

taking." But here the offer was to prove, not the customs of the manor, but the "manor regulations," to explain a clause in the lease, thereby in effect incorporating them as *component parts thereof.*

In the case in *Douglass,* the customs operated independently of the terms of the contract, whilst here, they were allowed to be given in evidence as parts of the written contract.

2. The question presented by the 2d exception is, whether a party having a mere right of ingress, &c. can maintain trespass against another, in the actual possession of the *locus in quo.* The plaintiff's right was a mere easement, to enter upon the close of the defendant for the qualified and limited purpose of gathering and removing his corn. The *gist* of this action, is the injury to the *possession ;* and the general rule is, that unless the plaintiff was in the *actual* possession, at the time the injury was committed this form of action cannot be supported. 1 *Chitty Pl.* 202, 204.

For the destruction of his corn, as *such,* the plaintiff can only recover in aggravation of damages, for breach of his close. The question then is reduced to this, as *between the parties* whose close was it, the fact being conceded, that the defendant was in the actual possession, and the plaintiff a mere easement to enter for limited purposes. Such a right gives *no interest* in the land, permanent, or temporary, without which, trespass cannot be maintained. The rule being, that the plaintiff in such an action must have an exclusive interest in the *locus in quo.* It is not necessary that this interest should be permanent, but it must be *over* the land, and exclusive for the time. *Parker vs. Staniland,* 11 *East,* 362. *Stocks vs. Booth,* 1. *Term. Rep.* 430. *Cortelyou vs. Van Brundt,* 2 *Johns. Rep.* 357.

The nature of the action requires that the plaintiff should shew a *possession,* actual or constructive, or at least, an *exclusive possessory right,* without any adverse possession in fact in another. *Stocks vs. Booth,* 1 *Term. Rep.* 430. *Graham vs. Peat,* 1 *East* 244. *Lambert vs. Stroother, Willes*

221. *Campbell vs. Arnold*, 1 *Johns. Rep.* 511. *Truss vs. Old*, 6 *Rand.* 556. *Tobey vs. Reed*, 9 *Con. Rep.* 223. *Brandon vs. Grimke*, 1 *Nott and McCord*, 363.

3. The appellant's third point was not raised in the county court. There it was *conceded* by the plaintiff, that he had a mere right of ingress, &c. to pluck and remove his corn, and this was not disputed by the defendant. The act of 1825, ch. 117, therefore applies to this point, and forbids a reversal, though the county court may have erred in submitting the question to the jury. If however, the plaintiff *in point of law* had nothing more than an easement—the right of ingress, &c. then he is certainly not injured by submitting that question to the jury, for the decision of the court upon the point must have been against him. That he had more than an easement was not pretended—a mere permission to take away the way-going crop. It might with as much propriety be contended, that the defendant during the plaintiff's term had a possessory right to the *locus in quo*, because he had in virtue of the custom, seeded a crop of grain in it, as that the plaintiff had such right as late as the 25th of December, 1831, though his lease had long before expired, because he had the privilege to take and gather his corn, which had for more than two months ceased to derive any nourishment from the soil. Such a privilege gave him no interest in the soil. Suppose on the 25th of December, 1831, the plaintiff had sold his corn to any person by parol, would the contract have been void by the 4th section of the statute of frauds, as passing an *interest in the soil* ?

Two several and distinct propositions were decided by the court. 1st. If the jury should believe that the defendant was in possession at the time when, &c. 2d. If they find that the plaintiff had a mere right of ingress, &c. Now if either of these propositions would have been fatal to the plaintiff, the conjunction of the other could do him no injury. The question therefore, in this view is, whether, if the defendant was in the actual possession of the premises at the time, the action can be sustained against him by the plain-

tiff, even if the latter can be considered as having a *possessory* right in respect of his corn there.   Of course the court meant a lawful possession by the defendant under his lease from *Carroll*.   It is not pretended, .that the plaintiff had a *possessio pedis* at the time, not that he was then actually *engaged* in gathering his corn, for the statement is that he had *previously* gathered part, and that the rest was on the stalks, not gathered.   It would then present a case of concurrent possessory right ;  and the entry of the defendant could. not be wrongful ;  and his subsequent misconduct, if any, would not make his original *entry* wrongful, so as to enable the plaintiff to sue in trespass, *q. c. f.*   It is an established rule that *liberum tenementum* may be given in evidence under the general issue.   *Dodd vs. Kyffin*, 7 *Term Rep.* 355. , *Argent vs. Durant*, 8 *Term.. Rep.* 405.   *Foote vs. Colvin*, 3 *Johns. Rep.* 223.   It should be borne in mind that the defendant had a right to the corn-stalks, fodder, and husks, and to feed his cattle on these.   To construe his right *beneficially*, it is not to be construed as a right, not to be exercised, in *any* part of the field, until the plaintiff had taken his corn from *every* part ;  and although the maxim be true, and applies here—*sic utere tuo, ut alienum non lodas*, yet for negligence of this description, for such consequential damages, case, and *case alone*, is the appropriate remedy.   ′

SPENCE, Judge, delivered the opinion of the court

This was an action of *trespass quare clausum fregit*, brought by *Dennis Dorsey* (now appellant) against *William Eagle*, the (appellee) to the *February* Term, 1832, of *Frederick* county court.   The declaration contained the ordinary count, to which the defendant pleaded not guilty, and issue was joined.

Upon the trial, the plaintiff offered parol evidence to prove that, by the manor regulations, the tenants have a right to remove their away-going crops, at any time within a reasonable period, after the determination of their leases ;  but to

the admissibility of this evidence, the defendant objected; the court overruled the objection, and permitted the evidence to go to the jury; the defendant excepted.

The first question therefore, which is presented in this cause for adjudication is, was it error on the part of the county court, in permitting the plaintiff to offer parol evidence, to shew what the manor regulations were?

It is conceded, that if the lease were silent upon the subject of the manor regulations, that then, parol evidence would be admissible, to prove that the tenants have a right, by the custom of the manor, to remove their away-going crops, at any time within a reasonable period, after the determination of their leases; because, the law itself would admit evidence, extrinsic of the written agreement of the custom of the manor, for the purpose of annexing it incidentally to the terms of the written instrument concerning which it was silent.

The lease which was admitted in evidence in this cause, among many other stipulations, has this one—" in other respects, the said *Dorsey* is to have and to hold the premises according to manor regulations." The parties having thus by their written agreement, made the manor regulations a part of their contract, and if they had omitted to do so, the law would have annexed them by intendment as a part of their contract, we are at a loss to discover the force of the argument which would exclude the evidence when offered for this purpose. Will it be gravely contended, that an express agreement, (and one which is precisely such a provision too as the law itself would annex to the contract by intendment;) is either inoperative or void, because the parties have thus set it out in terms?

We have endeavoured in vain to discover in what possible manner, this parol evidence, can by any mode of interpretation, be made to vary, add to, or contradict the written agreement of the parties to the lease; and it is a well settled principle of law, that parol evidence may be given of collateral and independent facts, which tend to support a deed,

provided it is not offered to vary the agreement, and is consistent with the deed. *Sug. Vend.* 97. *Phil. Evidence,* 425. 1 *John. Ch. Rep.* 370. We are therefore of opinion, that the county court decided this point correctly, and that the parol evidence was admissible to go to the jury for this purpose.

The next question presented for revision and adjudication, arises upon an exception taken by the plaintiff's counsel, to the following opinion, and instruction of the court to the jury, viz :—" that if the jury shall believe from the evidence in the cause, that the defendant was in possession of the said farm at the time of the supposed trespass, and that the plaintiff's right to gather and remove his corn was a privilege and easement, a mere right of ingress, egress, and regress, that then the plaintiff was not entitled to recover in this case."

The possession was in this case; a question of fact, and we think, properly submitted by the court to the jury, by them to be ascertained and determined.

It is ingeniously urged in the argument, that the right of ingress, egress, and regress, was a privilege and easement, and therefore, a legal inference which should have been determined by the court.

If the contracting parties to the lease had not made the manor regulations a part of their agreement in express terms, then there would have been strength in this argument; because then, the question would have been one of law, which the court should have determined.

But the parties having provided by their agreement, that the manor regulations should form a part of their contract, what these regulations were could only be ascertained by evidence, and upon that evidence, depended *Dorsey's* privilege of ingress, egress, and regress, for the purpose of removing his away-growing crops; and we are of opinion, that the question of *Dorsey's* right of ingress, &c., was not an inference of law, but a question of fact, which was pro-

perly submitted by the court to the jury, by them to be found.

The appellant's counsel, in his argument to convince this court, that the opinion and direction of the county court, to which he excepted, (and which forms the second bill of exceptions in this cause) were erroneous, insists, that the plaintiff had such a possession as would in law, enable him to maintain an action of *trespass quare clausum fregit.*

Many authorities have been cited to establish the principle of law, that the term "close," being technical, signifying the interest in the soil only, that the action of *trespass quare clausum fregit*, can be sustained, however temporary the plaintiff's interest, and although it be merely in the property of the soil, as *vestura terræ* or *herbagii pasturæ, prima tonsura, &c.* Of the soundness of this position, there cannot rest a doubt, and if this case had fallen within it, there could not be a question as to the legal conclusion. But after a deliberate examination of all the authorities invoked, we are of opinion, that they all as distinctly sanction the principle to be law, that this temporary interest, must be an entire or exclusive interest and possession, as that an action can be maintained when there is a temporary interest only. The distinction taken in the cases, is between exclusive rights, and rights in common.

We find it recognized in the case of *Wilson vs. Mackreth,* 3 *Burr.* 1824; which is referred to in many of the cases, and in *Crosby vs. Wadsworth,* 6 *East,* 610, and in *Clap vs. Draper,* 4 *Mass. Rep.* 268.

The question presented to us here is this, was *Dorsey* the appellant, at the time of the supposed trespass, viz. on the 25th day of December, in the year 1831, entitled to an exclusive interest to the soil, in the *locus in quo.*

By the manor regulations which the appellant himself offered parol evidence to establish, *Eagle,* the in-coming tenant, had the right and privilege of seeding down the corn-fields of the out-going tenant in wheat and rye, before the crop of Indian corn was fit for gathering, and there was evi-

dence that *Eagle* the appellant, did enter upon the farm and take possession of the same, on the 29th day of September, 1831, and seed down the fields (*the locus in quo*) in wheat and rye, and this crop was growing upon the *locus in quo*, at the time of the supposed trespass.

In order then for us to reach the conclusion, here set up, we must be of opinion, that the out-going tenant, had an exclusive interest in, and the possession of this portion of soil, for the maturing of his crop of Indian corn, on the 25th day of December, 1831 ; and that at the same moment of time, *Eagle*, the tenant on the farm, (for it was in evidence to the jury that *Dorsey* had moved out and that *Eagle* had moved in) had an exclusive interest in, and possession of this same portion of soil, for the maturing his crop of wheat and rye.    But we are of the opinion, that this is a conclusion to which we cannot arrive, by any principle of *sound legal reasoning*.

In relation to the last point suggested by appellant's counsel, viz : that from the instruction and opinion of the court, the jury have found an inference of law, arising from the facts in the case; this point we think was suggested at the trial of the county court by the defendant's prayer, and we have endeavoured to show in a former part of this opinion, that *Dorsey's* right of ingress, &c. was not an inference of law, but a question of fact in the cause ; and therefore properly submitted by the court to the determination of the jury.

Concurring therefore with the county court in this opinion we affirm their judgment.

JUDGMENT AFFIRMED.