(Decided 4th June, 1869,)

WILLIAM BLADEN *vs.* CHARLES A. WELLS, and M. L. WELLS, his wife.

*Parol Testimony to explain or add to Written instruments—Collateral Agreements.*

Parol evidence cannot be used either at law or in equity, for the purpose of contradicting, adding to, subtracting from, or varying the terms of a

deed, or controlling its legal operation and effect, except where it is impeached for fraud, or where it is sought to be reformed upon allegations of fraud, accident, or mistake.

All oral negotiations or stipulations between the parties, preceding or accompanying the execution of ·a written instrument, are regarded as merged in it, and the latter treated as the exclusive medium of ascertaining the agreement.

Receipts and acknowledgments in deeds, of payment of the purchase money, are only *prima facie* evidence of the fact of payment, and this may be disproved by parol; and where a deed is assailed for fraud, the grantee may support it, by showing the same kind of consideration, differing only in amount from that expressed in the deed.

But where the deed expresses the amount of the consideration money as the price of the land thereby conveyed, the grantor will not be allowed to aver that it is not the true contract in this particular, nor will a parol contract be admitted to vary the deed in this respect.

Parol evidence may be offered to prove any collateral, independent fact, about which the written agreement is silent; and so where a question arises as to the general intention of the parties, concerning which the instrument is not decisive.

Parol evidence may be given of collateral and independent facts, which tend to support a deed, provided it is not offered to vary .the agreement, and is consistent with the deed.

APPEAL from the Circuit Court for Prince George's County, in Equity.

William Bladen, the appellant, on the 17th of September, 1864, purchased of Charles A. Wells and M. A. Wells, his wife, a tract of land. On the same day the appellees executed and delivered to the appellant a deed, wherein the consideration and the description of the land sold were set forth, as follows :

"In consideration of thirteen hundred dollars, we, the said Charles A. Wells and Mary L. Wells, his wife, do grant unto William Bladen all those tracts, parts of tracts or parcels of land situate, lying and being in Prince George's county, in the State of Maryland, called and known by the names of 'Pleasant Grove,' part of 'Parcel Enlarged,' a part of 'Tyler's Pasture,' and a part of 'Mitchell's Addition,' or by whatso-

ever names the same may be known and distinguished, which were devised to the said Mary L. Wells by the name of Hyatt, by the last will and testament of her uncle, Richard Hyatt, late of said county, deceased, containing about two hundred and thirty acres, adjoining the lands of Luther D. Jones, Robt. W. Hyatt, Zachariah Wood and Grafton Hall, a full and particular description of which will appear, reference being had to the said last will and testament of the said Richard Hyatt, now on file in the office of the Register of Wills for said county, except that part of said land devised as aforesaid, containing about forty acres, and which was conveyed by the said Charles A. Wells and Mary L. Wells, his wife, to Zachariah Wood, on or about the —— day of——, eighteen hundred and sixty-four, by deed now recorded among the land records of said county, a full and particular description of which will appear, reference being had to said deed; and the said Charles A. Wells and Mary L. Wells, his wife, covenant that they are seized in fee of the said land hereby conveyed, and warrant and defend the same unto the said William Bladen."

The bill of the appellees allege that, at the time of the sale, the appellant entered into a parol agreement with them, "that if the said land did not contain more than 140 acres, it was to belong to the appellant, but if more, the appellant was to pay to the appellees, for the excess above 130 acres, at the rate of $10 in gold or $20 in currency per acre."

Exceptions were filed by the appellant's counsel to the admission of evidence in relation to such agreement. The Court below overruled the exceptions, and gave a decree for the appellees.

The cause was argued before BARTOL, C. J., STEWART, MILLER and ROBINSON, J.

*Thos. F. Bowie,* for the appellant:

The deed of the 17th September, 1864, cannot be contradicted or impugned by contemporaneous parol proof. *Stod-*

*dert vs. The Vestry of Port Tobacco Parish*, 2 *G. & J.*, 227; *Holms' Lessee vs. Howard*, 2 *H. & McH.*, 196; *Ridgely vs. Howard*, 3 *H. & McH.*, 321; *Hamilton's Lessee vs. Cawood*, 3 *H. & McH.*, 437; *Gittings' Lessee vs. Hall*, 1 *H. & J.*, 14; *Morrison vs. Galloway*, 2 *H. & J.*, 461.

If the parol agreement were made *before* the execution of the deed, then it was merged in the deed, and cannot be given in evidence to alter, vary, or contradict the deed. *Franklin vs. Long*, 7 *G. & J.*, 407; *Worthington vs. Bullitt, et al.*, 6 *Md.*, 172.

If made after, and it be contradictory of the deed, it is equally inadmissible. *Mills vs. Mathews, et al.*, 7 *Md.*, 315; *Melroy vs. Shipley, et al.*, 2 *Md.*, 25; *Beale vs. Greenwade's Adm'r*, 9 *Md.*, 185; *Kent, et al. vs. Carcaud*, 17 *Md.*, 291.

*Daniel Clarke*, for the appellees:

The parol evidence does not seek to vary, alter, or contradict the deed of September 17th, 1864; and there is nothing inconsistent between the proof and that deed. *Hall vs. Mc-Cubbin*, 6 *G. & J.*, 107; *Gibson vs. Kephart*, 3 *H. & J.*, 439; *Mullin vs. Hillard*, 9 *Gill*, 185.

The recitals in a deed as to the *consideration*, are only *prima facie* evidence, and are always liable to be explained by parol proof of the *same kind of consideration*, varying only in amount from that expressed. *Baxter and Wife vs. Sewall*, 3 *Md.*, 334; *Wolfe vs. Hauver*, 1 *Gill*, 84; *Eli. Man. Co. vs. Okisco Co.*, 1 *Md. Ch. Dec.*, 392; *Shepherd vs. Bevan*, 9 *Gill*, 36; *Higden vs. Thomas*, 1 *H. & G.*, 139; 1 *Greenleaf on Evidence, sec. 26, and note.*

MILLER, J., delivered the opinion of the Court.

The appellant in his answer denies the parol agreement which the bill seeks to enforce, and to all the testimony adduced to establish it, he has filed exceptions as being inadmissible to vary, alter, explain or contradict the deed of the 17th of September, 1864.

No principle of law is more firmly settled than that which excludes parol evidence from being used either at law or in equity for the purpose of contradicting, adding to, subtracting from, or varying the terms of a deed, or controlling its legal operation and effect, except where it is impeached for fraud, or where it is sought to be reformed upon the allegations of fraud, accident or mistake. It would be useless to cite the numerous instances in which our predecessors have enforced this doctrine, and held that all oral negotiations or stipulations between the parties preceding or accompanying the execution of a written instrument, are to be regarded as merged in it, and the latter treated as the exclusive medium of ascertaining the agreement by which the contracting parties bound themselves. Is this a case to which this general rule is applicable?

The deed " in consideration of $1,300," conveys to the grantee " *all* " the several named tracts of land, the title to which the grantors derived under Hyatt's will, " *containing about two hundred and thirty acres* adjoining," &c., " *except* that part of said land *containing about forty acres*," which the grantors had previously, in the same year, conveyed to one Wood, and contains a covenant on the part of the grantors to warrant the land thereby conveyed, " against all persons, claims and demands whatsoever."

The bill charges that at the time the oral contract of purchase was made, the land was supposed to contain about one hundred and thirty acres, and that the vendee bought it for $10 per acre, payable in gold, or $20 in currency, at the option of the vendors, and upon the understanding and agreement then entered into, that if the land did not contain more than one hundred and forty acres, the vendee was to have it, but if it did contain more than that quantity, he was to pay for the excess over one hundred and thirty acres at the same rate per acre, and so promised; that relying on this promise and on the legal validity of this agreement, the vendors received from the vendee, $1,300 in gold, and then

executed and delivered to him a deed in fee for one hundred and thirty acres of the said land, which is the deed of the 17th of September, 1864; that by survey the land is found to contain one hundred and fifty-four and a half acres, and the prayer of the bill is that the vendee may be compelled to perform his said contract by paying for the excess of twenty-four and one-half acres, at $20 per acre, in currency, and accept from the vendors a new deed for the one hundred and fifty-four and a half acres.

The alleged contract and the case made by the bill, are inconsistent with the deed in at least two important particulars.

1st. The legal effect and operation of the deed in its granting and descriptive parts, is to convey *all* the land not previously conveyed to Wood, no matter what the quantity might be. It is clearly not a deed for one hundred and thirty acres, part of said land as stated in the bill, and cannot therefore be regarded as executed in part performance of the alleged contract. Indeed, the contract as stated and proved, does not require the execution of such a deed, and the description it contains of the land, not only negatives any supposed theory of the deed being in part performance of the contract, but is wholly inconsistent with the idea, that the parties then supposed the land to contain only about one hundred and thirty acres, for so far as quantity is concerned, the deed speaks of it in effect as containing one hundred and ninety acres.

2d. The consideration stated in the deed is $1,300 for the whole land conveyed, and it is admitted this has been paid. It is true, receipts and acknowledgments in deeds of payment of the purchase money, are only *prima facie* evidence of the fact of payment, and this may be disproved by parol. And so where a deed is assailed for fraud, the grantee may support it by showing the same kind of consideration, differing only in amount from that expressed in the deed; but we have found no case where the grantor has been allowed to aver,

as against the grantee, that the amount of the consideration money, expressed in the deed as the price for the land thereby conveyed, is not the true contract between them in this particular, and there is no reason why any parol contract varying the deed in this respect, should not be excluded by the general rule as much as if it varied the deed in any other part, and such have been the repeated decisions of Courts of the highest authority. *Howes vs. Barker,* 3 *Johns.,* 506; *Northrop vs. Speary,* 1 *Day* 23; *Falconer vs. Garrison,* 1 *McCord,* 209; *Bradley vs. Blodget, Kirby,* 22. If a party, after conveying by solemn *deed* the *whole* of his farm for a *specified sum* of money which has been paid to him, can set up an antecedent or accompanying parol contract like the present, contradicting the deed both as to price and quantity, there would be very little room for the operation of the rule, and very little security or safety in such instruments, or in titles held under them.

There are cases which clearly settle the law, that parol evidence may be offered to prove any collateral independent fact about which the written agreement is silent, as where an indemnity bond stipulated the obligor should pay all charges the obligee might incur in resisting a certain claim, but was silent as to the manner or means to be employed in resisting it. A parol agreement that the obligor should do so by his own counsel was held admissible. *Creamer vs. Stephenson,* 15 *Md.,* 211. The reason given for the admission of the proof in such cases, is that it does not in the least tend to contradict, vary or explain the written instrument. So this Court has also cited, with approval, the language of *Phillips* and *Starkie,* that where a question arises as to the general intention of the parties, concerning which the instrument is not decisive, proof of independent facts, collateral to the instrument may be properly admitted, and that it may be shown that a parol contract was made independently, wholly collateral to, and distinct from a written one made at the same time, for in such cases the parol evidence is used not to vary the terms of the written instrument, but to show either that

it is *inoperative* as an entire and independent agreement, or that it is collateral and irrelevant. *McCreary vs. McCreary,* 5 *G. & J.,* 157. Parol evidence may also be given of collateral and independent facts which tend to support a deed, provided it is not offered to vary the agreement, and is consistent with the deed. *Dorsey vs. Eagle,* 7 *G. & J.,* 331. But here the deed is neither silent nor inconclusive as to the matter, about which the parol contract was made; it relates to and covers conclusively the whole subject of that contract, both as to price and quantity, and is a full, complete and executed contract between the parties, in reference to the whole land which was sold.

The case chiefly relied on by the appellees' counsel, in support of the decree below, is that of *Hall vs. Maccubbin,* 6 *G. & J.,* 107. There a parol contract, somewhat similar to the present, was sought to be enforced, but *no deed* had in that case been executed. A bond of conveyance had been given, and also a bond by the purchaser for the payment of the purchase money, and the Court say, on the supposition the latter is a mere obligation for the payment of money, without reciting the contract of sale, there could be no possible legal objection to the admissibility of the evidence in relation to the excess of the land above three hundred acres, for in that view the introduction of the parol evidence would not affect in any manner the contract, as evidenced by the bond of conveyance and bond for the purchase money, but being evidence of a substantive and independent contract, its admissibility could not be met by any legal objection. From this we think it is apparent the Court meant to decide simply as they had in previous cases, that proof of collateral and independent facts, about which the written instrument was entirely silent, might be admitted, and that they regarded the bond of conveyance to be equally silent as the bond for the purchase money in regard to the contract of sale, and the quantity of land sold. We have, however, examined the record in that case, to which our attention has been called, and find that the

bond of conveyance stipulated that the obligor should convey to the obligee a tract of land called "Bodkin Plains," within certain metes and bounds, "containing about three hundred acres, *more or less*," and we are satisfied, unless the Court overlooked this description in the bond, or regarded so great an excess as two hundred and fifty acres as not covered by the terms "more or less," it would be extremely difficult to reconcile the authority of this case with either antecedent or subsequent decisions by the same Court upon the same subject. *Morrison vs. Galloway,* 2 *H. & J.,* 466; *Hunt vs. Gist, ib.,* 505; *Wesley vs. Thomas,* 6 *H. & J.,* 27; *Stoddert vs. Vestry of Port Tobacco Parish,* 2 *G. & J.,* 227; *Franklin vs. Long,* 7 *G. & J.,* 416; *Worthington vs. Bullitt,* 6 *Md.,* 195; *Beall vs. Greenwade,* 9 *Md.,* 185; *Timms vs. Shannon,* 19 *Md.,* 296.

In our opinion, the case before us is governed by the general rule, and the decree must therefore be reversed and the bill dismissed.

*Decree reversed and*
*bill dismissed.*

(Decided 9th June, 1869.)