CHARLES FUSTING, and CAROLINE FUSTING, Executors of JOSEPH P. FUSTING *vs.* JOHN C. SULLIVAN.

*When Parol evidence is admissible in cases of Written contracts—Prayer and Instruction.*

While parol evidence is inadmissible to alter, vary or contradict a written contract, it is admissible to prove an independent collateral fact about which the written contract is silent.

Where by a written contract F. sells his store, the stock of goods therein, his house, lumber yard and lumber therein, barn and barn yard to S. upon terms specified, parol evidence is admissible to show that it was verbally agreed between the parties during the negotiation, and before the contract was concluded, that S. bought with the distinct understanding that F. would not go into business in Catonsville, the place where the store was located, and that the acquisition of the good will of the store and the agreement of F. not to set up another store in Catonsville, was part of the consideration of the purchase.

The Court may properly be asked by the plaintiff to instruct the jury as to the legal effect, as evidence, of certain of his acts, proved by the defendants, under the issues in the case, such instruction not going to the right of action, but being subordinate to it.

APPEAL from the Superior Court of Baltimore City.

A declaration in assumpsit with the common counts was filed by John C. Sullivan and Richard K. Cross, trading as J. C. Sullivan & Co., against Joseph P. Fusting, in the

Circuit Court for Baltimore County. The writ was issued on the 20th of February, 1871, and was returned summoned to March Term, 1871, of that Court. A demand was made for a bill of particulars, and in response the plaintiffs filed on the 31st of March, 1871, an open account for goods sold, beginning 5th October, 1868, and running through every month to 23rd November, 1870, leaving a balance, appearing to be due by the defendant to the plaintiffs (after deducting some small credits for articles furnished by him to them, amounting to $34.66,) of $2358.42. Issue was joined on the common counts, and the defendant pleaded matters of set-off.

At the same time and in the same Court, a declaration was filed by John C. Sullivan against the same defendant with the common counts, and two special counts, one for a note of the defendant for $500, dated 12th of December, 1867, payable ninety days after date, to the order of Sullivan & Shipley, and endorsed by them to the plaintiff; and the other for a note of the defendant for $335, dated the 26th of November, 1867, payable four months after date to the order of Sullivan & Shipley, and by them endorsed to the plaintiff. The writ in this case was returned summoned to March Term, 1871, and upon demand of a bill of particulars by the defendant, the following was given on the 29th of April, 1871:

Joseph P. Fusting,
To John C. Sullivan,     Dr.

To building three frame houses, and furnishing materials and work upon the same at $550 each. ................................................ $1,650 00
To building a cottage with porch and cellar, and furnishing materials, and work upon the same.......... ......................... $3.300
For extra work on barn................ .    303.19
————— $3,603 19

A promissory note for $500, dated 12th of December, 1867, payable at ninety days.

A promissory note for $335, dated 26th November, 1867, payable at four months.

Cash advanced on loan of note $600.

Issue was joined on the common counts, and set-off was also pleaded by the defendant. Both cases were removed to the Superior Court of Baltimore City, on suggestion and affidavit of the defendant; and pending the same, the defendant died, and his executors were made parties. The cases were continued by regular continuances until the January Term, 1874, when they were tried. It was agreed by the counsel for the respective parties, that all the causes of action and claims of John C. Sullivan, of John C. Sullivan and Richard K. Cross, trading as J. C. Sullivan & Company, and of John C. Sullivan, as assignee of Sullivan & Shipley, or as assignee of Columbus J. Shipley, against Joseph P. Fusting, or his personal representatives might be considered, and recovered upon in this action; and further, that all errors of pleading should be waived, and that any matters might be given in evidence on either side, under the pleadings, with the like effect as if formally pleaded.

It was also agreed that the defendants might set up by way of set-off against the demands sought to be recovered in this suit, or under this agreement, any demand of their testator against John C. Sullivan alone, or against John C. Sullivan jointly with Richard K. Cross, or Columbus J. Shipley, with like effect, as if all such demands were against said Sullivan alone, and had been duly pleaded. It was further agreed that the two suits of John C. Sullivan *vs.* Excrs. of Fusting, and of John C. Sullivan and Richard K. Cross *vs.* The Same, now pending, should be consolidated, and all the matters set forth in the bill of particulars in the suit of Sullivan and Cross *vs.* Executors of Fusting, should be treated as if embraced in the suit of

Sullivan *vs.* Same. And that in addition to the demands contained in said bills of particulars, the plaintiff might, under the declaration in this case, offer evidence to establish his right to recover upon any or all of the following subjects, without amendment of pleadings, and the defendants might defend, and for this purpose all issues should be considered as properly joined. Additional particulars of the plaintiff's demands :

Extra work upon cottage, and building kitchen... $303 19
Promissory note of Joseph P. Fusting, dated
    June 1st, 1869 ..................................... 500 98
Damages for breach of contract of sale of good-
    will and agreement in regard to store......... $

It was shown at the trial that Joseph P. Fusting owned certain property in Catonsville, on which there were a lumber yard and store, which in the month of September, 1866, he sold to Columbus J. Shipley and John C. Sullivan, who at the same time purchased the lumber in the lumber yard, the stock of goods in the store, and the good-will of the store. It was also in evidence that Fusting agreed with Shipley and Sullivan, that he would not set up another store in Catonsville ; that some four years after the sale to Shipley and Sullivan, Fusting set up a new store similar to the old one ; that in September, 1868, the partnership of Shipley and Sullivan was dissolved, the former assigning all of his. interest in the firm to the latter by an instrument of writing. A variety of other testimony was given in evidence, which need not be repeated. The jury rendered a verdict for the plaintiff for $1524.18, and judgment for that amount was entered.

Two exceptions were taken by the defendants, which are set out in the opinion of the Court : The first was to the admissibility of certain evidence offered by the plaintiff, and the second was to the granting of the plaintiff's

prayer, and the rejection of the prayer of the defendants. It will contribute to a more ready understanding of the principle involved in the plaintiff's prayer, to state that the plaintiff relied on two promissory notes of J. P. Fusting, which he produced at the trial, as two of his causes of action, and which were stated in his bill of particulars, one for $500, at ninety days, dated December 12th, 1867, and the other for $335, at four months, dated November 26th, 1867. The defendants, in order to defeat the plaintiff's recovery on these notes, offered in evidence an account rendered by the plaintiff to Joseph P. Fusting in his life-time, dated on 1st January, 1868, in which these two notes in the possession of the plaintiff were credited. The note of $500 matured 12–15 March, 1868, and the note for $335, matured March 26–29, 1868, so that when the account of January 1st, 1868, was rendered, these two notes were running to maturity, and were in the possession of the plaintiff.

The cause was argued before STEWART, BOWIE, GRASON and MILLER, J.

*William A. Fisher,* for the appellants.

*Arthur W. Machen* and *Orville Horwitz,* for the appellee.

BOWIE, J., delivered the opinion of the Court.

The first exception of the appellants, is taken to the admission of certan parol evidence, offered by the appellee (the plaintiff below) to prove that in the contract between the plaintiff and witness on the one part, and the appellants' intestate, on the other part, for the purchase of the stock of goods, etc. it was verbally agreed between the parties, during the negotiation and before the contract was concluded, that they bought with the distinct understanding; that Fusting, the appellants' intestate, would not go into

business in Catonsville, and that the acquisition of the good-will of the store, and agreement of Fusting, not to set up a store in Catonsville, was part of the consideration of the purchase.

This testimony was first offered upon the hypothesis, that the contract for the purchase of the stock of goods, lumber, good-will of store, and agreement on the part of Fusting not to set up another store in Catonsville, was not reduced to writing ; after the witness had deposed it was not, and that the agreement for the sale of the good-will and that Fusting would not set up another store in Catonsville, was not reduced to writing, and that Fusting said, it was unnecessary to reduce it to writing, the appellants' counsel objected to all the evidence of the witness, with reference to the contract of purchase, mentioned by him, in case it should turn out there was a written contract. The Court ruled if such should prove to be the case, the evidence would be inadmissible, but further decided, that if there was such a written contract in possession of the appellants, (the defendants) they should then produce it, to prevent the introduction of testimony that might afterwards be found to be improper upon its production.

The appellants then produced and proved the execution of a written paper, dated Catonsville, Sept. 7th, 1866, purporting to be an agreement entered into by J. P. Fusting, of the first part, and John C. Sullivan and Columbus J. Shipley, of the second part, to the following effect, viz : " The said J. P. Fusting has agreed to sell to the parties of the second part, his store, house, lumber yard, barn and barn yard, as it now is enclosed, for the sum of $10,500, subject to a ground rent of sixty dollars per year, one-third cash, the balance in two yearly payments, viz : in payments of two years apart, after deducting three thousand dollars now due on the above estate. The party of the second part will convey a lease of a lot from J. K. Smith of 56 feet front by 160 feet deep, and take all the stock in

trade in the store, and in the lumber yard at cost on its market value, adding hauling for lumber and coal as agreed upon. The payment for the latter being also one third cash; the balance to be secured by endorsed notes and bill of sale.

[Signed.]                                   J. P. FUSTING.

                                            J. C. SULLIVAN.

                                            C. J. SHIPLEY.


The appellants, then renewed their objections to the testimony of Shipley, as to the alleged purchase of the good-will of the store, and the alleged agreement of Fusting not to set up another store in Catonsville, because said alleged purchase and agreement, were not in said written contract, and moved the Court to exclude all of said testimony from the jury, which the Court refused, whereupon the appellants excepted—which constitutes the first exception.

After the evidence was closed, the defendants in pursuance of a right of exception, reserved as to all the evidence offered by the plaintiff tending to establish his right to recover damages, on account of the alleged breach of contract on the part of Fusting, in setting up a store at Catonsville, prayed the Court, to instruct the jury, as follows : " That there is no sufficient legal evidence in this case, to entitle the plaintiff to recover anything, on account of the opening of the store at Catonsville by the defendants' testator," which instruction, the Court refused.

The rejection of the appellants' motion to exclude the parol evidence of Shipley, which was the ground of their first exception, and of their before cited prayer, (which forms a part of the second exception,) presents the same question,—the admissibility of parol evidence in cases of written contract.

The general rule is well defined, with exceptions broadly delineated, in all the text books, illustrated by almost innumerable decisions.

The test of admissibility in such cases, is, whether the evidence offered, tends to alter, vary, or contradict the written contract, or only to prove an independent collateral fact, about which the written contract was silent. In the former case, the testimony is inadmissible; in the letter, it is competent and proper.

The case *Bladen vs. Wells & Wife,* is a good illustration of the former, and *Basshor & Co. vs. Forbes,* of the latter.

In *Bladen vs. Wells,* the grantors by their deed, in consideration of $1300, conveyed to the grantee, certain lands therein described; afterwards, they filed their bill, alleging that at the time of the sale, the appellant (the grantee) agreed, that if the lands contained not more than 140 acres, it was to belong to the appellant, but if more, the appellant was to pay the appellees, for the excess over 130 acres, at the rate of $10 in gold, or $20 in currency per acre. Exceptions were taken to the evidence in relation to the agreement; in commenting upon which, this Court held such testimony inadmissible, because the alleged contract and the case made by the bill, *were inconsistent with the deed, in which all previous contracts regarding the land were merged.* 30 *Md.,* 582.

This case distinctly recognizes the settled law, that parol evidence may be offered to prove any collateral, independent facts, about which the agreement is silent, referring to *Creamer vs. Stephenson,* 15 *Md.,* 211; *McCreary vs. McCreary,* 5 *G. & J.,* 157; *Dorsey vs. Eagle,* 7 *G. & J.,* 331, but concludes, that in the principal case then before the Court, the deed was neither silent nor inconclusive as to the matter about which the parol contract was made; it related to and covered conclusively the whole subject of the contract, both as to price and quantity, and was a full, complete, and executed contract between the parties,

in reference to the land which was sold. On the other hand, this Court in the late case of *Basshor & Co. vs. Forbes*, declared the testimony offered by the defendant to prove that his individual liability as a stockholder, was waived by a verbal understanding with the plaintiffs, that they were to look to, and rely upon the securities furnished by the company alone and exclusively, was admissible to prove *an independent and collateral fact, not provided for by the terms of the contract.* In support of which position, they refer among others, to the cases cited in *Bladen vs. Wells,* also *Lindley vs. Lacy,* 17 *Com. B.,* (*N. S.,*) 578; 2 *Taylor's Evidence, secs.* 1038, 1049; *Vide,* 36 *Md.,* 164, 167.

The case of *Allen vs. Sowerby, Admr.,* 37 *Md.,* 420, also sanctions the admission of parol evidence, to establish "*an additional suppletory agreement.*" by which something is supplied, that is not in the written contract; for which, it relies on *Coates & Glenn vs. Sangston,* 5 *Md.,* 130; *Atwell & Appeleton vs. Miller,* 11 *Md.,* 361. To these may be added the more recent English cases cited by the appellees. *Lindley vs. Lacy,* 17 *C. B.* (*N. S.,*) 586; 1 *L. Repts. C. P.,* 336; *Wallis vs. Littell,* 11 *C. B.* (*N. S.,*) 369; 2 *Taylor's Evi. secs.* 1039, 1049.

The evidence offered by the appellants in their first bill of exceptions, is closely analagous to that which was decided to be properly admissible, in the case of *Basshor vs. Forbes*.

Although the good-will of the store and the agreement not to set up another, were according to the statement of Shipley., material elements of the consideration to be given for the purchase of the property, yet, they were not necessarily involved in the purchase, nor referred to in the contract, and were in fact incidental and collateral.

We think therefore, that the ruling of the Court below on the first exception, and in rejecting the appellants'

prayer set forth in the second, was correct both upon principle and precedent.

The first branch of the second bill of exceptions, is the prayer of the appellee, (the plaintiff below) granted by the Court, instructing the jury, "that the crediting of the two notes of $335 and of $500 in the account offered in evidence by the defendants under date of July 1, 1868, before the maturity of said notes, or either of them, is no evidence of the payment of said notes, but that the possession of said notes by the plaintiff is *prima facie* evidence that they have never been paid."

The objection of the appellants to this prayer is, that the Court below, by instructing the jury that the act of the plaintiff in crediting the notes as payments in the account of January 1st, 1868, was no evidence of the payment of said notes, it deprived the defendants of the benefit of the admission of those credits in that account, when taken in connection with other facts in evidence in the cause. In other words, the plaintiff, by segregating that particular portion of the evidence from all the other evidence in the cause, as to the payment of the notes, and procuring the instruction of the Court as to the legal effect of that item, "*per se*," had misled the jury.

It is to be observed, that this instruction, is not one of that class, which asserts the right of *recovery*, upon the hypothesis of the truth of the facts stated in the prayer, without regard to other facts in proof by the defendants; that is to say, it did not go to the right of action, but was subordinate to it, being an expression of the opinion of the Court, as to the legal effect, as evidence, of certain acts of the plaintiff, proved by the defendants as an item of evidence, under the issues involving the payment of the notes; as in the cases of *Whiteford vs. Burkmyer & Adams*, 1 *Gill*, 128; *Atwell vs. Miller & Mayhew*, 6 *Md.*, 19.

If the appellants supposed the instruction prejudiced them by isolating the facts referred to in it, they had the right to ask the opinion of the Court upon the whole testimony. Finding no error in the rulings of the Court below upon the several exceptions, the same will be affirmed.

*Judgment affirmed.*

(Decided 2nd December, 1874.)