(Decided 16th February, 1871.)

---

HENRY N. MERRYMAN *vs.* RACHEL RIDER, Executrix of EDWARD RIDER, deceased.

*Pleading—Defective counts in a Declaration.*

The omission in a declaration of the averment, "For money payable by the defendant to the plaintiff," as a prefix to the counts, "For goods bargained and sold, &c.," "For work and labor, &c.," and "For money had and received, &c.," is fatal on demurrer.

In an action against an executrix, a count in the declaration, " For money found due from said deceased in his life time, on account stated," is defective in that it fails to state that the money was due to the plaintiff, and omits an averment shewing between whom the account was stated.

APPEAL from the Circuit Court for Baltimore County.

This was an action by the appellant against the appellee to recover an alleged indebtedness of her testator. The defendant demurred to the declaration which contained four counts. The Court sustained the demurrer, and the plaintiff appealed.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*R. R. Boarman* and *D. C. H. Emory*, for the appellant.

*Arthur W. Machen*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The declaration in this case contained the following counts:

1st. For goods bargained and sold by the plaintiff to the deceased in his life time.

2d. For work and labor and materials furnished for said deceased in his life time.

3d. For money found due from said deceased in his life time on account stated.

4th. For money had and received for the use of the plaintiff by said deceased in his life time.

Now it will be observed, that the averment *"for money payable* by the defendant to the plaintiff," required by the 75th Article of the Code, section 22, clause 2d, to be prefixed to all the common counts, though its insertion in the first count, makes it unnecessary to repeat it, is wholly omitted in this declaration. These words are the *gist* of the *indebitatus counts*, and it has been held under the English Common Law Procedure Act, the provisions of which in this respect are almost

identical with the Code, that their omission is fatal on demurrer.

Thus in *Place vs. Potts,* 8 *Exch.*, 705, the declaration stated " that the defendants are indebted to the plaintiff for freights, for the conveyance, by the plaintiffs for the defendants, at their request, of goods in the ship Brilliant, and the plaintiff claims," &c., PARKE, B., said the declaration was bad on general demurrer, and that it ought to have averred that the debt was a money debt, and that it was payable before the commencement of the suit.   The objection to the declaration made in support of the demurrer was the same as made in this case, namely, the omission of the words " *money payable* by the defendants to the plaintiff," and in *Wilkinson vs. Shar-land,* 10 *Exch.*, 724, POLLOCK, C. B., said the omission of these words was fatal on demurrer.   See also *Bullen & Leake's Precedents of Pleadings,* 37.

But it was supposed that these cases were overruled by *Fagg vs. Mudd,* 25 *E. L. & E. Rep.*, 224, where it was held that the omission of these words was not fatal to a count " for money found to be due from the defendant to the plaintiff on accounts stated between them." The demurrer was overruled in that case, because, said Lord CAMPBELL, C. J., " the account being stated, and money found to be due, it was instantly payable, and therefore there is only the omission of that which the law would imply and the form is consequently substantially framed." Instead of overruling *Place vs. Potts,* 8 *Exch.*, CROMPTON, J., distinguished the two cases, " there, he said, it was held to be bad because it did not aver that the debt was a money debt, or that it was due before the commencement of the suit." WIGHTMAN, J., " the present case is different. The defendant is alleged to be indebted for money due."

If, therefore, the omission of the words " money payable by the defendant to the plaintiff" is fatal even in the ordinary case of a suit between the parties to the alleged transaction, it is obvious that these words have a much stronger significance

and are the more necessary in a suit against an executor. We are of opinion that the first, second and fourth counts in this declaration are bad on demurrer, because they do not show a money debt payable in *præsenti*.

If the third count is not liable to objection on the ground that the words "money payable" are omitted, upon the authority of *Fagg vs. Mudd*, we think it is defective, because it fails to state that *the money was due to the plaintiffs, Bullen & Leake's Precedents of Plead.*, 37; *Fenton vs. Ellis, 6 Taunt.*, 192, and also because of the further omission of an averment shewing *between* whom the account was stated. The form prescribed in the Code for this count is as follows:

"For money found to be due from the defendant to the plaintiff on accounts stated between them," and this form is identical with that pursued in *Fagg vs. Mudd, 25 Eng. L. & Eq.*, 224. See also *Breckon vs. Smith, 1 Ad. & Ell.*, 488; and *Tucker vs. Barron, 7 B. & C.*, 623.

We concur with the counsel for the appellees, that in proportion as the statutory forms are concise, we should be careful to preserve all the essential averments contained in them. "The brevity which is the object of the Statute is not attained by omitting any of the material averments in the pleading, but by expressing them all in the simplest manner. Departure from forms is only authorized so long as substance is expressed."

For these reasons the judgment below will be affirmed.

*Judgment affirmed.*

(Decided 16th February, 1871.)