(Decided 9th June, 1874.)

---

# Joseph A. King, use of William S. Rayner *vs.* George S. Clogg.

## *Construction of a Contract.*

The appellant sold to the appellee three houses for $6000, and in part payment therefor agreed to take a lot of boots and shoes, and in accordance with such agreement, the latter passed to the former the following paper writing: "On demand I promise to deliver to Joseph A. King, or order, a lot of boots and shoes assessed at the value of $1250; said boots and shoes being boxed up, examined and ready for delivery." The appellant would not receive the boots and shoes so boxed up at their assessed value; he desired to inspect them to ascertain if they were of the value alleged. To this the appellee would not consent, insisting that the boots and shoes had been appraised before the trade had been completed; the appellant, therefore, refused to receive them and brought suit. HELD:

1st. That the contract between the parties having been reduced to writing, parol evidence in the absence of fraud, could not be introduced to contradict or vary its terms.

2nd. That the contract did not impose upon the defendant the obligation to deliver to the plaintiff a lot of boots and shoes, warranted to be *actually* worth $1250; it stipulated merely for the delivery by the defendant of a specific lot of boots and shoes, valued by him at $1250, there being an implied obligation on his part to make the valuation honestly and in good faith. It contained no stipulation making the sale of the lot of boots dependent upon the examination by the plaintiff.

3rd. That in the absence of fraud and deception on the part of the defendant, or of any proof of warranty as to the actual value of the lots of boots and shoes, the plaintiff was obliged to receive them according to the terms of the written contract upon the subject.

4th. That no formal demand or offer to deliver was necessary.

APPEAL from the Superior Court of Baltimore City.

This suit was brought by the appellant against the appellee to recover upon a written contract entered into between them. Beside the common counts, and one "for a messuage of lands sold and conveyed by the plaintiff to the defendant," the declaration contained the following count: "And for that whereas on the 4th day of November, 1873, at the city aforesaid, in consideration that the said Joseph A. King, at the request of the said George S. Clogg, had sold to the said Clogg, and the said Clogg had purchased of the said King, three lots of ground, with the improvements thereon, at the city aforesaid, he, the said Clogg, undertook, and then and there, promised the said King to deliver to him in part payment of said lots and improvements, on demand, twelve hundred and fifty dollars worth of boots and shoes; nevertheless, the defendant, although requested, hath refused to deliver the same or any part thereof, and still refuses so to do, to the damage of the said plaintiff. And the plaintiff claims $2,500.

There was filed with the declaration the following paper writing:

BALTIMORE, *Nov. 1st*, 1873.

On demand, I promise to deliver to Joseph A. King, or order, a lot of boots and shoes, assessed at the value of

($1250,) twelve hundred and fifty dollars, said boots and shoes being boxed up, examined and ready for delivery.

GEO. S. CLOGG.

Endorsed: I assign the within to Wm. S. Rayner. Value received. JOSEPH A. KING.

The defendant pleaded, never was indebted and never promised as alleged.

*First exception:*—At the trial, the plaintiff, to maintain the issue on his part joined, proved by himself, that in part payment for three houses which he sold to the defendant for $6000, the defendant signed and passed over to him the due-bill or paper writing filed with the declaration; that a few days thereafter he made a demand upon the defendant for a lot of boots and shoes, worth twelve hundred and fifty dollars, and that the defendant refused to deliver the same to him. He further proved, that the assessment and examination, referred to in said paper-writing, were not made by him, and that he did not consent to or participate in the assessment, examination or boxing up of any particular lot of boots and shoes, and there rested his case.

The plaintiff did not prove that he demanded from the defendant a specific lot of boots and shoes, boxed up and ready for delivery, as set forth in said order.

The defendant then, to maintain the issue on his part joined, proved by himself, that previous to his signing said due-bill, he had placed in the hands of a certain Samuel Hooper, a property agent in Baltimore city, an inventory of boots and shoes, amounting to $1,505.00, which he offered to trade for property; that the said inventory passed from Hooper to John C. Foster, another property agent in said city, who effected the exchange between the plaintiff and defendant, and that when said exchange was agreed upon, and previous to the signing of said due-bill, the defendant selected from said invoice twelve hundred and fifty dollars worth of boots and shoes, at the prices marked in said in-

voice, packed them in certain boxes, and marked them with the plaintiff's name; and that when the plaintiff came to his place of business and said that he wanted to appraise the boots and shoes, (he having previously sent several persons on the same errand,) the defendant replied that the boots and shoes had been appraised before the trade had been completed, and that he would not permit any one to put an estimate on them at that time or afterwards, and that they were there subject to the order of King, and if he wanted them to take them away, which King refused to do, and brought suit.

The plaintiff then, for the purpose of rebutting the testimony so offered by the defendant, called *John C. Foster* and asked him the following question: You have heard the testimony of the defendant, that an inventory of certain boots and shoes was placed in your hands for the purpose of effecting a trade for property; state now what connection, if any, the said inventory had with the exchange, that was consummated by you between King and Clogg, in which the aforesaid houses were conveyed to Clogg, and the due-bill passed to King?

The defendant's counsel objected to the admission of any testimony previous to the final agreement, as evidenced by the due-bill; the Court, (DOBBIN, J.,) sustained the objection, and ruled that the question was inadmissible. To this ruling of the Court, the plaintiff excepted.

*Second Exception:*—The plaintiff then prayed the Court to grant the following instructions:

1. That the legal import of the paper-writing filed with the declaration, is, that by virtue thereof, the defendant became bound upon the demand of the plaintiff, to deliver to him twelve hundred and fifty dollars worth of boots and shoes.

2. That if the jury believe, from the evidence before them, that the defendant signed and passed over to the plaintiff, for a valuable consideration, the paper-writing

exhibited in evidence and filed with the declaration; and if they further believe from the evidence, that the assessment of twelve hundred and fifty dollars, and the examination therein referred to, were made by the defendant alone, and without the knowledge, consent or acquiescence of the plaintiff, that then the plaintiff had a right to rely upon the truth and correctness of said valuation, and the defendant became bound thereby to deliver to him on demand, a lot of boots and shoes, which came up to the standard of said assessment, namely, twelve hundred and fifty dollars.

3. That if the jury believe from the evidence before them that the defendant signed and passed over to the plaintiff, for a valuable consideration, the paper writing exhibited in evidence and filed with the declaration ; and that before the commencement of this suit, the plaintiff demanded from the defendant twelve hundred and fifty dollars worth of boots and shoes, and that the defendant refused to deliver the same to him, that then the plaintiff is entitled to recover from the defendant the sum of twelve hundred and fifty dollars.

4. That if the jury believe from the evidence before them, that for a valuable consideration, the defendant signed and passed over to the plaintiff the paper-writing filed with the declaration ; and that previous to the institution of this suit, the plaintiff demanded from the defendant twelve hundred and fifty dollars worth of boots and shoes, and that the defendant then tendered to him three cases or boxes, which he alleged contained twelve hundred and fifty dollars worth of boots and shoes, but the contents of which boxes he refused to allow the plaintiff to inspect or examine, for the purpose of ascertaining said fact, that then the same was not a valid or sufficient tender, and is no bar to the recovery of the plaintiff in this case. The Court refused to give the instructions.

At the instance of the defendant, the Court granted the following instruction : If the jury find, that the due-bill

given by the defendant was given to conclude the contract named in the proceedings in this case, the plaintiff is not entitled to recover, and the verdict should be for the defendant, there being no evidence in this case of any demand of the goods mentioned in said due-bill.

To the rejection of the plaintiff's prayers and the granting of the prayer of the defendant, the plaintiff excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, GRASON and MILLER, J.

*Isidor Rayner,* for the appellant.

The evidence of the plaintiff, that he did not participate in the assessment, or consent to the boxing up, of any particular lot of boots and shoes, was both competent and relevant.    2 *Taylor on Ev.,* secs. 1083, 1085 ; *Basshor & Co. vs. Forbes,* 36 *Md.,* 154 ; *Creamer vs. Stephenson,* 15 *Md.,* 211 ; *McCreary vs. McCreary,* 5 *G. & J.,* 147.

Such parol evidence being proper and pertinent to the issue, the defendant having passed to plaintiff, for a valuable consideration, his obligation, in which he contracted to deliver to the plaintiff a lot of boots and shoes which he had assessed at $1250, such assessment becomes an integral part of the contract ; it has the full effect of a guarantee and assurance that the boots and shoes shall be worth twelve hundred and fifty dollars, and if they are not worth that amount, the plaintiff cannot be compelled to take them.    When goods are being sold as being of a particular description, this will amount to a warranty, that they answer such description ; if they do not correspond with the same, the plaintiff need not take them, or if he does, may return them and recover the money he has paid, or keep them and sue for a breach of warranty.

The statement in the contract, that said boots and shoes are assessed at $1250, is not only strictly a description of

the quality of the goods, but is of the very substance and essence of the contract itself. The plaintiff was, therefore, entitled to a lot of boots and shoes that were worth $1250; if the defendant's assessment was a false and fraudulent one he cannot compel the plaintiff to abide by it, and in lieu of $1250 worth of boots and shoes, receive articles which may be entirely worthless and unmerchantable. *Rutter vs. Blake*, 2 *H. & J.*, 353.

Assuming that the meaning of this contract is, that the plaintiff is entitled to a lot of boots and shoes, worth $1250, the demand made in this case was not only a proper, sufficient and reasonable demand, but was the only one which it was possible for the plaintiff to make. The testimony is, "I made a demand upon the defendant for a lot of boots and shoes, worth $1250, and he refused to deliver the same to me." Is it not apparent that this was a general demand for any lot of boots and shoes that came up to the standard of the assessment, embracing as well the particular lot of boots and shoes boxed up by the defendant, provided they were worth $1250, as any other boots and shoes which were worth that amount? Wherever a demand is a condition precedent to the right of recovery, in making such a demand, the law does not require any precise or technical method of proceeding, but the mere proof that you have requested the defendant to perform his contract, is a sufficient compliance with the condition, and especially is this the case where the defendant has already received the consideration, and the making of the demand becomes a mere formality.

The instruction of the Court implies that the plaintiff must point to specific boxes and demand the goods therein contained, without ever having seen the boxes, and what is more, without the contract setting forth any mark or sign by which he could detect the same. If, at the time the plaintiff made his demand upon the defendant, the defendant understood that he was requesting a perform-

ance of the contract in question, then the demand was sufficient. The convincing and conclusive proof, that the defendant did so understand it, is, that in response to said demand he tendered him the very boots and shoes which he is now contending the contract referred to, and which he alleged were worth twelve hundred and fifty dollars. *Kimball vs. Bellows,* 13 *New Hamp.,* 70 ; *Clough vs. Ray,* 20 *New Hamp.,* 558 ; *King vs. Fitch,* 1 *Keyes,* 444, (*N. Y. Court of Appeals;*) *Heard vs. Lodge,* 20 *Pickering,* 60 ; *Fielder vs. Smith,* 6 *Cushing,* 336 ; *Shirley vs. Shattuck,* 4 *Cushing,* 470.

There was no necessity of a demand whatsoever to entitle the appellant to recover, because the record shows that defendant had refused to perform, and broken the contract on his part, and thereby waived the necessity of a demand. When the contract calls upon the plaintiff to make a demand, and the defendant informs him that he will not keep his contract, the plaintiff can sue him for the breach thereof without showing a demand, because the making of the same would be an idle and useless formality. *Consolidation Coal Company vs. Shannon,* 34 *Md.,* 157 ; *Amory vs. Brodrick,* 5 *Barn. & Ald.,* 712 ; *Dunlap vs. Hunting,* 2 *Denio,* (*N. Y.*) 643 ; *Scott vs. Crane,* 1 *Conn.,* 255 ; *Miles vs. Boyden,* 3 *Pick.,* 213 ; *Richardson vs. Learned,* 10 *Pick.,* 261, *Benjamin on Sales,* 422, 423.

King had the right to inspect the boots and shoes tendered him by the defendant, to see whether they answered the terms of the contract, namely—whether they were worth $1250. The defendant, according to his own testimony, refused to give him this privilege. This was a breach of the contract on his part. As soon as he informed King of this fact, there was no necessity of a further demand, and the plaintiff had the right to proceed under the common count *in indebitatus assumpsit* for land and messuage sold without proving a demand. *Benjamin on Sales,* 440, 441, 515, 519 ; *Isherwood vs. Whitmore, et al.,* 11 *M.*

*& W.*, 346 : *Lorymer vs. Smith,* 1 *Barn. & Cress.*, 1 ; *Start-up et al. vs. Macdonald,* 6 *Man. & Gran.*, 613.

And proceeding under the special count, there was likewise no obligation resting upon him to prove an accurate or technical demand.

*W. H. Cowan,* for the appellee.

The appellant relies on the paper writing filed with the declaration to prove his contract, if so the *allegata* and *probata* must agree. Relying and counting on the agreement contained in the writing named, he cannot recover on any of the common counts, for that evidence would not be admissible under any of them. He must declare upon the special contract. In declaring on a written contract the pleader must set it out according to its legal effect or according to its tenor ; neither mode of pleading has been followed here. There is a clear variance between the proof and the allegations. The count in the *narr.* is to deliver $1250 worth of boots and shoes. The proof is to deliver a lot of boots, shoes and other goods then in boxes, agreed to be received as equivalent to the balance of the purchase money of said property, and estimated in making said contract, at $1250. The contract declared on is not the contract of Clogg. *Hockin vs. Cooke,* 4 *T. R.,* 314 ; *Master, &c., of St. Cross, vs. Howard De Walden,* 6 *T. R.,* 338 ; *Browne vs. Knill,* 5 *Moody,* 164 ; *Sprowle vs. Legg,* 1 *B. & C.,* 16 ; *White vs. Wilson,* 2 *B. & P.,* 116 ; *Duckam vs. Smith,* 5 *Monroe,* 372 ; *Wilson vs. Codmens, Ex'r,* 3 *Cranch,* 193, 208. *Stanwood vs. Scovel, et al.,* 4 *Pick,* 422 ; *Saxton vs. Johnson,* 10 *Johns.,* 418, *(marg.)* ; *Balto. Cemetery Co. vs. the First Independent Church of Balto.,* 13 *Md.,* 123 ; *Greenleaf on Evidence, secs.* 66, 68, 69, *and note* ; *Neall et al. vs. Fowler,* 31 *Md.,* 155.

This action was instituted on the theory that the appellant could recover in money, a certain sum for which he had agreed to receive goods that had previously been set

apart and boxed up for him. He sold his property for a fixed sum to be paid in a specified manner. The inducement for the appellee to enter into the contract, was the mode of payment. To compel him to pay in any other way would be unjust and illegal. In evidence, whatever varies the goods or the valuation of them from the contract declared on, is a variance from the declaration. 1 *Saund. on Pleading and Evi.,* 197, 198; *Bull vs. Schuberth,* 2 *Md.*, 56, 57; *Hoke vs. Wood, et al.,* 26 *Md.*, 459.

The plaintiff should have demanded the goods before bringing his action; until demand the defendant is not in default. No demand was proved in this case according to the terms of the contract. A demand is shown to have been made of an entirely different character from the agreement of the parties, when their minds united on a final understanding. And in response to the demand, the defendant said: "Here are the goods and chattels which are your property, in conformity with our agreement take them away." The plaintiff refused. That is not proof of such a demand as the contract required.

By declaring on the contract, the plaintiff below affirms it. He cannot affirm this contract in part, and rescind it in part. The rescission must be total and not partial. This contract is an entirety. The appellant is estopped by his pleading from denying his contract. He does not allege any fraud, nor can fraud be truly proved. The goods were in the store or warehouse of the appellee at the time of the contract. They were open to examination previous to the contract. No act was done or attempted to impose on the appellant.

That the goods are not in the estimation of a party to the contract, as valuable as he supposed, does not constitute any ground for rescinding the contract, or for a claim for damages, when there is no warranty of the goods sold, and no fraud in making the contract. The parties to it must stand to their agreement when there is neither warranty nor fraud; the doctrine of *caveat emptor* applies.

King, use of Rayner *vs.* Clogg.

The contract out of which this action arose, was begun, carried on and concluded on the basis of purchasing an interest in specified articles of personal property. The paper filed with the *narr.* and the inventory referred to in the evidence, were the final declarations of the parties to the contract. No other or modifying agreement was entered into. The papers are not ambiguous or equivocal. They must speak for themselves and parol evidence is not admissible respecting them. *Harwood vs. Jones*, 10 *G. & J.*, 404, 416; *Binney's Case*, 2 *Bland*, 99; *Bladen vs. Wells & Wife*, 30 *Md.*, 577; 1 *Greenleaf on Evi.* secs. 295 *and* 296, (195 *and* 196); 1 *Parsons on Contracts*, 335, (*third ed.*); 2 *Parsons on Cont.*, 547, (3d ed.)

Assuming that the paper writing named, and inventory, prove a contract, then the rights of the appellant are limited to and by that contract. He cannot vary, add to or contradict it by parol. *Howlett vs. Howlett*, 56 *Barb.*, (*N. Y.*,) 476.

In pleading the appellant declares or professes to declare on the contract contained in the said due-bill and inventory. He cannot recover on any other contract. He will not be permitted to vary the contract so shown, either in his *allegata* or *probata*, and they must substantially, at least, agree. *Franklin vs. Long*, 7 *G. & J.*, 407; *Hunt vs. Silk*, 5 *East*, 449; *Beed vs. Blandford*, 2 *Y. & Jer.*, 278; *Norton vs. Young*, 3 *Greenleaf's R.*, 30.

There being no fraud in fact, in this case, nor fraud in law, and the appellant not pretending or alleging fraud, he affirms the contract, and declares on it, and he must stand by it. *Franklin vs. Long*, 7 *G. & J.*, 407.

To acquire a right of action against the appellee, it was incumbent on the appellant to demand the goods specified in the written contract; no demand was made in this case. 2 *Greenleaf on Evi.*, secs. 174, 176, 178.

STEWART, J., delivered the opinion of the Court.

Courts do not make contracts for the parties concerned.

When a contract is brought under the review of a Court, it is merely its province to put such interpretation upon its terms, as to effectuate the intention of the parties thereto.

It was competent for the parties in this case to have made a contract that a specific lot of boots and shoes, valued by one of the parties, Clogg, the vendor, at $1250, should be assumed for the purpose of exchange, to be worth that much ; and that at such valuation they should be received by the other party, King, the vendee, in part payment for the land purchased.

If Clogg would not exchange them, unless at such valuation, although they might not really be worth such sum, and King agreed to the proposition, and to take them as offered, can there be any doubt that he could not be heard afterwards, to insist, in the absence of proof, that they were warranted to be worth $1250, that he had the right, under the contract, to have a lot of boots and shoes, really worth such sum? If he were allowed to sustain such claim, would not a stipulation be interpolated into the contract not warranted by its terms?

He was only entitled to receive them as sold and purchased.

If a purchase be made without warranty in any particular, the purchaser has no right to insist upon a warranty. It is his duty to see how the contract is made, and that it contains whatever stipulation he means to insist upon. He must use every reasonable precaution to protect himself; for the law will not indemnify him against the consequences of his own neglect of duty. 1 *Parson on Con.*, 460.

Where the contract of sale is in writing and contains no warranty, express or implied, parol evidence cannot be admitted to add a warranty. The parties here have reduced their contract to writing, and this excludes any parol evidence to contradict it or vary its terms, in the

absence of fraud. The due-bill in question does not upon its face, or by its fair interpretation, contain any obligation upon Clogg to deliver a lot of boots and shoes warranted to be *actually* worth $1250, but stipulates to deliver a specific lot of boots and shoes, valued by him at $1250. Of course, there was an implied obligation on the part of Clogg to make the valuation honestly and in good faith; there is no proof that it was not so made. Nor does the due-bill contain any stipulation making the sale of the lot of boots and shoes dependent upon their examination by the plaintiff. It was accepted and relied upon by the plaintiff as the contract between the parties, and it is the exponent of their views in regard to the lot of boots and shoes. There was no evidence in the record that the boots and shoes were not worth $1250.

If the plaintiff could show fraud and deception, that would present another question. He would not be estopped by his acceptance of the due-bill, under such circumstances, but, in their absence, or any proof of warranty as to the actual value of the lot of boots and shoes, he is obliged to receive them, according to the terms of the due-bill, the written contract upon the subject. The testimony proposed to be introduced by the plaintiff in his first bill of exceptions, for the purpose of rebutting the evidence of the defendant, was inadmissible and properly refused by the Court.

It was immaterial and could not have affected the result.

The evidence of the defendant, if it had been objected to, was clearly inadmissible, except so far as it related to the offer to deliver the lot of boots and shoes upon the demand of the plaintiff.

Its admission without objection, did not authorize the introduction of the proposed rebutting testimony. The plaintiff's four prayers were properly refused. They were founded upon the erroneous theory that the defendant had

not the right to sell his boots and shoes at his own valuation, if he could get any one to buy them upon his terms. If the plaintiff chose to buy them in that way, or to take them at the valuation, in the exchange made, both parties had the right to make their trade upon that basis.

According to the stipulations of the due-bill, the right was conferred upon the plaintiff to receive the lot of boots and shoes as designated therein, with the obligation imposed upon the defendant, to deliver the same to the plaintiff upon his demand.

The defendant's prayer was substantially correct.

The due-bill, if found to be the written evidence of the contract between the parties, only compelled the defendant to deliver to the plaintiff the lot of boots and shoes therein specified.

If the plaintiff demanded other boots and shoes, the defendant was under no obligation to deliver them. No formal mode of demand or offer to deliver, was necessary. Any demand may be construed as made conformably to the tenor of the contract. If the defendant had refused to deliver any lot of boots and shoes, he could not shelter himself under the plea that the demand was not sufficiently precise. The contract called for no precise formality in the demand.

But if upon demand the defendant did not refuse, but offered to deliver the lot of boots and shoes that had been valued and boxed up by him, as described in the due-bill, that was a compliance with his undertaking, as evidenced by the due-bill.

*Judgment affirmed.*

(Decided 18th June, 1874.)