(Decided 12th June, 1888.)

---

ROBERT A. WOOLDRIDGE and WILLIAM H. STEPHENSON, partners trading as R. A. WOOLDRIDGE & Co., *vs.* CONRAD ROYER.

*Sale— Warranty— Waiver—Evidence.*

In an action on a promissory note which stated that "it is agreed that the fertilizer which is the consideration of this note is bought without any guarantee on the part of the importers or their agents as to results from its use," the plaintiffs having proved the execution and delivery of the note, the defendant testified on his behalf that at the time of making the sale to him, and prior to the signing of the note, the plaintiffs' agent said that he would "warrant it (the fertilizer) to produce as good crops as any other manipulated fertilizer that can be bought on the market for the same price, and, if it does not do so, you need not pay for the same;" and that with this understanding he agreed to take the fertilizer, which did not prove to be as represented. HELD:

1st. That if the proposed warranty was the moving cause to the purchase it was expressly waived in the consummation of the bargain and giving of the note.

8         v. 69.

2nd. That in the absence of evidence tending to show that this express agreement, that there was no warranty, was fraudulently procured, evidence of a previous warranty was inadmissible.

APPEAL from the Circuit Court for Montgomery County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J., for the appellants, and submitted for the appellee.

*Albert Ritchie,* for the appellants.

*George Peter, James B. Henderson,* and *Edward C. Peter,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The appellants declared on the following note:

"*September 1st,* 1884.

"On or before the first day of September, 1885, I promise to pay to the order of R. A. Wooldridge & Co. one hundred and forty $\frac{00}{100}$ dollars at 64 Buchanan's wharf, Baltimore, Md., value received. Negotiable and payable without defalcation or discount. It is agreed that the fertilizer which is the consideration of this note is bought without any guarrantee on the part of the importers or their agents as to results from its use." Signed, " CONRAD ROYER."

In addition to the count setting out this note the *narr.* contained counts for goods bargained and sold, and the general money counts. The defendant pleaded never promised as alleged, payment and limitations. But the case was tried on the note.

The plaintiffs having proved the execution and delivery of the note rested their case, and the defendant

then testified on his own behalf, that Festus Griffith, the agent of the plaintiffs, approached him at his farm after wheat harvest in 1884, and offered to sell him Orchilla guano for use in his fall seeding, and that he refused to buy as he was using a mixture which was satisfactory, and he did not desire to change. To this refusal Griffith, the agent, replied that he would "warrant it to produce as good crops as any other manipulated fertilizer that can be bought on the market for the same price and if it does not do so, you need not pay for the same," and that with this understanding the appellee agreed to take five tons on crop time—twelve months, and that in about a week's time after the delivery of the fertilizer he came to Rockville and signed the note. He also testified that the fertilizer did not prove equal to the mixture he had been using and did use again, in the same fall, with the Orchilla, side by side in the same field and same cultivation.

The plaintiffs objected to the question to which this evidence was responsive, and to the evidence elicited, but the Court overruled the objection and admitted the evidence.

We think the Court erred in this ruling. All negotiations and conversations touching this sale were merged in the writing by which the contract was finally completed. *King vs. Clogg,* 40 *Md.,* 341; *Bladen vs. Wells and Wife,* 30 *Md.,* 577; *Penniman vs. Winner,* 54 *Md.,* 127; *Dance, Ex'r vs. Dance, et al.,* 56 *Md.,* 433; *Delamater vs. Chappell,* 48 *Md.,* 248. If the evidence had been offered to set up an outside and supplemental agreement independent of the agreement in writing, and about which it was silent, a different question would be presented, about which we now express no opinion. But here the agreement or writing by which the sale is closed—the note—expressly states that the

fertilizer was accepted without warranty as to results, either from the principal or agents. So that, if the proposed warranty was the moving cause to the purchase, it was expressly waived in the consummation of the bargain and giving of the note. *Mr. Benjamin*, in the 2d vol. of his work *on Sales*, page 742, says: "No authority is needed, of course, for the proposition that the party in whose favor the condition has been imposed may expressly waive it." It is certainly not expressly waived in this contract or note. What transpired at the execution of the note we only know from the note itself. No conversation at that time is detailed. In the absence of evidence tending to show that this express agreement, that there was no warranty, was *fraudulently procured*, it is very clear that evidence of a previous warranty was inadmissible. It does not follow because a warranty after a completed sale requires a new consideration to support it, (*vide* 2 *Benjamin on Sales*, 809,) that, in completing the sale by the giving a note for the purchase money, the buyer may not waive the warranty. In the completion of the contract, the fertilizer to be furnished and the money to be paid, respectively formed the consideration for all the terms of the undertaking. The written contract was the final and completed agreement of the parties respectively, and unless it appeared that the waiver was fraudulently procured or interpolated, the appellee is certainly estopped by his own written statement of the contract from setting up any warranty. The certainty of what the contract is, which the written statement of it is understood to secure, so requires.

It follows from what we have said that the Court below erred in granting the appellee's prayer, and that the jury ought to have been instructed, that if they found the note was executed by the appellee, then on the pleadings the plaintiffs were entitled to recover. The

evidence of a warranty being excluded, there is no need of referring to it in the plaintiffs' prayer.

Having decided that the testimony with respect to warranty was erroneously admitted, the exception with respect to the evidence as to the scope of the agency of Griffith, and in respect to the rejection of the appellants' second prayer becomes wholly unimportant.

*Judgment reversed, and*
*new trial ordered.*

(Decided 12th June, 1888.)