Mr. Justice ILagner
delivered the opinion of the Court:
The- plaintiff seeks to recover a sum of money which he insists is payable by the defendant under a verbal agreement and, promise made on the 20th of July, 1885, contemporaneously with the execution of a lease to the defendant of certain lots in Washington City. The lease contained a covenant that the plaintiff would sell and convey the lots to the defendant at a designated price at any time during its continuance: and the averment of the declaration is that the defendant verbally promised the plaintiff that if he. would execute the lease with the covenant in question in *247 serted, the defendant, in consideration of its insertion, would pay to the plaintiff in addition to the consideration to be paid for the ' lease of the premises, one-half of whatever profit the defendant might make and receive by reason of any sale or assignment he might thereafter make of his right, title and interest, under and by virtue of the said covenant.
The declaration further averred that in consideration of this promise and agreement of the . defendant the plaintiff executed and delivered the said lease with the said covenant contained therein; that the defendant in August, 1885, assigned his right, title and interest in and to the said covenant-to the Manassas Panorama Company in consideration of a large sum of money, and thereby made and received a profit of $5,000, by reason of which there accrued to the plaintiff a right to demand and receive from the defendant one half of said sum, by virtue of the alleged agreement.
To the declaration the defendant demurred and assigned, as matter of law to be argued, “That the plaintiff cannot set up, or introduce any consideration changing, adding to or different from that set out in the written lease; nor can he set up or introduce any parol agreement made previously to or contemporaneously with the execution of the lease set up in his declaration, and relating to the subject matter.”
The plaintiff insists that the declaration sets out a contemporaneous but distinct and collateral agreement between the parties to the lease, connected with but not inconsistent with the writing; and that such an agreement, although resting in parol, may be enforced at law, if otherwise valid. The covenant contained in the lease reads thus:
“And the said parties of the first part, for the aforesaid consideration, do hereby covenant and agree, to and with the said party of the second part, his heirs and assigns, to sell and convey by a good and sufficient deed, with full covenant warranty, the said real estate hereby leased to the said party of the second part, his heirs and assigns, at and *248 for the sum of $1.50 per square foot, free and clear from all incumbrances or liabilities.”
By its terms the lease was to continue five years, at a monthly rent, but was to cease and determine when the sale therein referred to should be consummated.
The sale spoken of in the covenant was to be a sale of the real estate; and this sale was to be consummated by the lessee, his heirs or assigns, paying the money named, and by the lessor, conveying the land by. sufficient deed, with full warranty to the lessee, his heirs and assigns.
The sale claimed to have been provided for in the alleged verbal agreement, was “ a sale or assignment which the defendant should thereafter make, not of the land, but of his (the defendant’s) right, title and interest, under and by virtue of said covenant; ” and the declaration avers that the profit claimed was realized when the defendant “ assigned his right, title and interest in and to the said covenant, to the Manassas Company,” and that the half of what might be realized from this last sale was an additional consideration upon which alone he agreed to the insertion of the covenant in the lease.
Assuming, as we must under the demurrer, that the plaintiff could offer testimony at the trial to support these averments, does he present such a case in his declaration as the Court should allow to be opened to the jury?
In Basshor vs. Forbes, 36 Md., 166, the Court of Appeals, in overruling the objection that certain parol evidence offered below was inadmissible as tending to vary, add to, or contradict the written contract between the parties, says: “It is well settled by the most unquestionable authorities, that' proof is -admissible of any collateral, parol agreement or independent fact, which does not interfere with the terms of the written contract, though it may relate to the same subject matter; and whether such collateral agreement was made or independent fact occurred contemporaneously with or as preliminary to the main contract in writing, is quite immaterial. Lindley vs. Lacey, 17 C. B. N. S., 578; 2 Tay *249 lor, Ev., secs. 1038 and 1949.' And this principle has been very fully and expressly sanctioned by this Court in the cases of McCreary vs. McCreary, 5 Gill & J., 147; Creamer vs. Stephenson, 15 Md., 213.”
In 2 Taylor, Evidence, sec. 1038, the author, after using similar language, adds: “Still less does the rule exclude evidence of an oral agreement, which constitutes a condition on which the performance of the written agreement is to depend.”
This principle is supported by many decisions tending to sustain the contention of the plaintiff.
Thus in Fusting vs. Sullivan, 41 Md., 170, the owners of a country store at Catonsville agreed in writing to sell the house, store, lumber yard, barns and premises therein designated, to a purchaser who bought with the view of carrying-on the same kind of business, and did conduct the same, after the sale, at that stand. In the course of subsequent litigation between them the purchaser offered to prove that at the time of his purchase of the stock of goods, and of the execution of the written contract of sale, it was verbally agreed between the parties that the seller should not again go into business at Catonsville; and that the acquisition of the good will and the agreement not to set up a store there was part of the consideration of the purchase; and he claimed a right to recover for a breach of this verbal agreement from the seller who had resumed mercantile business at the place named. The written contract'was silent as to the sale of'the good will, and made no mention of any agreement not to open another store; but the Court of Appeals held that the testimony should have been admitted, as it tended to prove an independent collateral fact about which the written contract was silent, and as establishing an additional suppletory agreement not in the written contract. See also Planters’ Insurance Co. vs. Deford, 38 Md., 397; Building Society vs. Smith, 54 Md., 201.
*250 In England several well considered cases of recent date have recognized the same distinction.
In Lindley vs. Lacey, 17 C. B. N. S., 578, decided in 1854, ujion a negotiation between the plaintiff and the defendant for the sale of the fixtures, furniture and good will of a business (the agreement for which was afterwards reduced to writing), a distinct and separate promise was made by the defendant in consideration of the plaintiff’s signing the agreement, that he, the defendant, would settle an action then pending against the plaintiff at the suit of one Chase. Held, that the evidence of this prior oral agreement was admissible, notwithstanding the written agreement contained an authorization to the defendant to settle Chase’s action out of the purchase-money.
Erie, C. J., said: “ I take it to be substantially the same as if the agreement for the sale of the goods being before them, Lacey had said to Lindley, ‘in consideration of your signing the agreement I will settle Chase’s action.’ If the instrument shows that it was meant to contain the whole bargain between the parties, no intrinsic evidence can be admitted to introduce a term which does not appear there. But if it be clear that the written instrument does not contain the whole, and the jury find that there was a distinct collateral1 verbal agreement between the parties not inconsistent with the written contract, the law does not prohibit such distinct collateral agreement from being enforced. I think it is clear from the evidence here that there was a distinct collateral agreement that Chase’s action should be settled by the defendant, and that evidence of that agreement, which was perfectly consistent with the written agreement, was admissible.”
Byles, J., in delivering his concurring opinion to the same effect, assigns as a further reason: “More especially if, as here, it (the parol agreement), in addition to its being a stipulation, was also a condition.”
Here the payment of Chase’s debt had been the subject *251 of negotiation, and a term referring to it had been inserted in the agreement; and yet a different disposition of the same subject was allowed to be established by parol evidence.
In Morgan vs. Griffith, L. R., 6, Exch., 70, decided in 1871, Griffith agreed to hire of Morgan certain grass land, on the terms of a lease which was to be signed at some future time. Griffith, having entered on the land, found it was overrun with rabbits; and on the lease being presented to him for' signature, he declined to sign it, unless Morgan would promise to destroy the rabbits. Thereupon the defendant said: “I promise you faithfully they shall be destroyed.” The plaintiff requested that a term to that effect should be inserted in the lease. The defendant refused compliance, upon the ground that he was unwilling to alter the form of the lease, but again promised that the rabbits should be destroyed. Plaintiff accordingly signed the lease in the unaltered form, which provided, among other things, that the tenant should not shoot, hunt or sport on the land, or destroy any of the game, but would use his best endeavors to preserve the same, and would allow Morgan or his friends at any time to hunt, shoot or sport on the land. Afterwards, the rabbits not having been destroyed by Morgan, Griffith brought suit for damages. It was held, affirming the Court below, that the parol agreement was collateral to the written lease, and that evidence to establish it was properly admitted. The result of the parol contract here was absolutely in opposition to the language of the lease.
In Erskine vs. Adeane, L. R. 8 Ch. App. Cas., 756, decided in 1873, a similar state of facts was presented.
A farmer in treaty for a lease of a farm declined to take it on account of the quantity of game. The lessor promised he would kill down the hares and rabbits and would not let the shooting, although he refused to allow the promise to be inserted in the lease except in this form: “ but so nevertheless that the lessee, his executor, etc., should be at liberty to keep down the rabbits on the land, otherwise than by *252 shooting.” The tenant accordingly executed the lease prepared by the lessee’s solicitor, in which the right to kill the game was reserved to the. lessor, his friends and servants. The lessor, after the lease was signed, let the shooting and did not kill down the game. Held, there was a binding collateral agreement to kill down the game, and that the tenant was entitled to compensation for damages resulting from the failure to perform the agreement.
Sir G. Mellish, L. J.s said: “ No doubt as a rule of law, if parties enter into negotiations affecting the terms of a bargain, and afterwards reduce it into writing, verbal evidence will not be admitted to introduce additional terms into the agreement; but nevertheless what is called a collateral agreement, where the parties have entered into an agreement for a lease or for any other deed under seal, may be made in consideration of one of the parties executing that deed, unless, of course, the stipulation contradicts the terms of the deed itself. The lessor stipulated that he would behave in a particular way with reference to the powers that were to be reserved to him by the lease.”
Sir W. L. James, in concurring, said: “The evidence shows that while there was an agreement going on for the lease, which was to contain certain stipulations, only a promise was made, or a representation which amounted to a promise, by Mr. Adeane, that the game, of which the tenant was complaining, should be so dealt with as not to amount to a serious nuisance to the tenant.”
As the result of the objection by the lessee, a term as to the destruction of the rabbits was inserted in the lease, and permission was given to the lessee to keep down the rabbits on his land; hence, the parties had undertaken to deal with the subject in their writing; and yet the collateral verbal contract was allowed to be given in proof. See also Harris vs. Rickett, 4 Hurlst & N., 1.
So in Nickerson vs. Saunders, 36 Maine, 413, where a grantor executed a deed reciting the payment of a sum of *253 money as the consideration for the purchase, he was allowed to prove a contemporaneous verbal agreement with the grantee, that if a road running near the land should be discontinued the grantor should be entitled to receive whatever might be paid by the public on that account; and he recovered the sum the county commissioners had paid to the grantee after the sale, when the road was changed. The Court held that the sum expressed in the deed and received by the grantor was for the value of the land as it then stood; but this did not bar the recovery of the further sum, which was the subject of the verbal agreement.
• The decisions are numerous that it is permissible to show a consideration additional to that expressed in the deed or other written contract, where it is of the same character; and if the alleged promise to pay the one-half of the profit of the sale referred to may be regarded -as an additional consideration for the execution of the lease, the testimony would be admissable upon that ground.
In the cases we have cited, and in many others where the decisions have been to The same effect, the parol agreements admitted in evidence appeared to interfere with the terms of the written contracts to a much greater extent than the verbal promise set forth in the declaration before us seems to conflict with the bargain embodied in the lease. The agreement to make sale of the property to the lessee for a designated price is not usual in ordinary leases, where the lessee generally is possessed of no assignable interest, except the right of occupation for the designated term. And when a covenant to secure so exceptional a provision is inserted, it does not appear unreasonable that the lessor should exact as a condition that in case the covenant should be assigned to a third party, an additional consideration should be paid for the privilege, to be regulated by the profit arising from the assignment. Such an agreement would be collateral to the main written contract, and not interfering with its terms; and if the lease was signed only upon the condi *254 tion that the lessee should divide with the lessor the profit arising from his assignment of the covenant, as is specially set forth in the narr., it would be countenancing an act of bad faith to deny a right of action to the lessor to enforce the agreement.
In the case of Campbell vs. M’Clenachan, 6 Serg. & R., 171, a deed had been prepared for the conveyance of certain land from A to B. A refused to sign it unless B would agree that, notwithstanding the deed, he should be allowed to cut a quantity of timber from the woods.
To induce A to sign the deed, B agreed verbally that A should have the privilege claimed; and the deed was executed and B entered into possession. The vendee subsequently refused to perform his promise, upon the ground that the writing expressed the contract, which could not be varied by parol; and the grantor brought an action on this promise. This was sustained by the Court, which held that evidence might be given of the parol agreement; and said that the point had been frequently decided by the Court and that to refuse to compel performance of the verbal promise after the defendant had made use of it to get the plaintiff’s signature to the agreement would be permitting the defendant to avail himself of a trick to secure the evasion of his promise.
We think the plaintiff here ought to have the opportunity of proving his case, if he can do so; and we accordingly reverse the ruling below, with leave to the defendant to plead over.